STATE OF NORTH CAROLINA v. JOHN LEE ABEE, AND DARRELL RAY
JONES

No. 38A83

(Filed 3 May 1983)

**Criminal Law § 138— sexual offense—aggravating factors—repeated acts of fellatio—insertion of object in victim's rectum**

Where defendants pled guilty to only one act of fellatio (second degree sexual offense) and all other charges against them were dismissed, no proof of any other act of fellatio or insertion of any object into the victim's rectum was necessary to prove any element of the sexual offense to which defendants pled guilty, and repeated acts of fellatio and insertion of a finger into the victim's rectum were properly considered as aggravating factors in imposing sentence upon defendants.

State v. Abee

APPEAL from a decision of the Court of Appeals finding no error in judgments entered by *Ferrell, J.,* at the 30 November 1981 Criminal Term of Superior Court, BURKE County (judgment entered 15 December 1981). The defendants' cases were consolidated for trial and for appeal. The Court of Appeals' opinion, one judge dissenting, is reported at 60 N.C. App. 99, 298 S.E. 2d 184 (1982). Each defendant filed notice of appeal with this Court. The matter is before this Court pursuant to G.S. § 7A-30(2) by reason of the dissent.

*Rufus L. Edmisten, by Steven F. Bryant, Assistant Attorney General, for the State.*

*John R. Mull, Attorney for defendant John Lee Abee.*

*Ellis L. Aycock, Attorney for defendant Darrell Ray Jones.*

PER CURIAM.

The defendant Abee was charged in three felony indictments with: #9016 first degree sexual offense (fellatio); #9017 first degree sexual offense (inserting an object into the victim's anus); #9018 kidnapping. Pursuant to a plea bargain, defendant Abee pled guilty to second degree sexual offense (fellatio) in violation of G.S. § 14-27.5 in #9016 and all other charges against him, including the first degree sexual offense in #9016, were dismissed.

The defendant Jones was charged in three felony indictments with: #9019 first degree sexual offense (fellatio); #9020 first degree sexual offense (inserting an object into the victim's anus); #9021 kidnapping. Pursuant to a plea bargain, defendant Jones pled guilty to second degree sexual offense (fellatio) in violation of G.S. § 14-27.5 in #9019 and all other charges against him, including the first degree sexual offense charge in #9019, were dismissed.

Other pertinent facts are set forth in the opinion of the Court of Appeals. As the assignments of error which have merit are common to both defendants, we will discuss only those relating to the defendant Abee.

The Court of Appeals found that it was error for the trial judge to consider and include among the aggravating factors found that there were repeated acts of fellatio and that Abee had

inserted his finger into the victim's rectum because evidence of these acts was "evidence necessary to prove an element of the offense." That court reasoned that "the very evidence required to prove the offense that Abee pled guilty to was also considered as a factor in aggravation, as prohibited by [G.S. § 15A-1340.4]." Nor did the Court of Appeals "find it important that more than one act of fellatio occurred while G.S. 14-27.5(a) only requires one 'sexual act'." *State v. Abee*, 60 N.C. App. at 103, 298 S.E. 2d at 186. We cannot agree.

It is clear from the record on appeal that although there were repeated acts of fellatio by both defendants, both defendants pled guilty to only one act of fellatio and all other charges against them were dismissed. No proof of any other act of fellatio or insertion of any object into the victim's rectum was necessary to prove any element of the offense to which either defendant entered a plea of guilty. Thus the two factors in question, *i.e.*, repeated acts of fellatio and insertion of a finger into the victim's rectum, were properly considered as aggravating circumstances. Contrary to the statement in the opinion of the Court of Appeals, it was indeed important that more than one act of fellatio occurred.

Although finding error in the consideration of the foregoing aggravating circumstances, applicable to both defendants, the Court of Appeals found that neither defendant had demonstrated that he was actually prejudiced by such error, relying upon its decision in *State v. Ahearn*,[1] which has subsequently been reversed by this Court.

In *Ahearn* this Court held that:

[I]t must be assumed that every factor in aggravation measured against every factor in mitigation, with concomitant weight attached to each, contributes to the *severity* of the sentence — the quantitative variation from the norm of the presumptive term. It is only the sentencing judge who is in a position to re-evaluate the severity of the sentence imposed in light of the adjustment. For these reasons, we hold that in every case in which it is found that the judge erred in

1. *State v. Ahearn*, 59 N.C. App. 44, 295 S.E. 2d 621 (1982), *reversed* 307 N.C. 584, 300 S.E. 2d 689 (1983).

a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing.

*State v. Ahearn*, 307 N.C. at 602, 300 S.E. 2d at 701 (1983). The statements in the opinion of the Court of Appeals with respect to the necessity of demonstrating actual prejudice are in error.

Had the Court of Appeals been correct in its conclusion that consideration by the trial judge of the foregoing aggravating factors was error, the failure to find error based upon *Ahearn* would have required this Court to reach a different result from that reached by the Court of Appeals. As the Court of Appeals' first error relating to the consideration of the two aggravating factors effectively cancels the second error relating to the necessity of demonstrating actual prejudice, the result reached by this Court is the same as that reached by the Court of Appeals. We have considered defendants' other assignments of error and find them to be without merit.

The decision of the Court of Appeals, except as herein modified, is affirmed.

Modified and affirmed.