STATE OF NORTH CAROLINA v. RONALD LEROY WINNEX

No. 8318SC599

(Filed 7 February 1984)

1. **Appeal and Error § 2— jurisdiction of Court of Appeals—certiorari previously denied by another panel**

A panel of the Court of Appeals had no jurisdiction to consider defendant's argument as to whether the trial court improperly used facts tending to prove attempted first degree rape of the victim to establish the elements of first degree kidnapping of the victim where defendant entered guilty pleas to the crimes, defendant could thus present his argument only upon a writ of certiorari, and defendant's petition for certiorari was rejected by another panel of the Court of Appeals. G.S. 15A-1444(a1).

2. **Criminal Law § 138— use of joinable offenses as aggravating factor**

Where five charges against defendant for rape and kidnapping were joinable, the trial court could not properly consider defendant's conviction of one of the offenses as an aggravating factor in any of the other four cases, and the court thus erred in finding as an aggravating factor upon the basis of the other offenses that defendant had "engaged in a pattern of violent conduct which indicates a serious danger to society." G.S. 15A-1340.4(a)(1)(o).

3. **Criminal Law § 138— voluntary acknowledgement of wrongdoing as mitigating factor**

The trial court erred in failing to find as a mitigating factor that defendant voluntarily acknowledged wrongdoing to a law officer at an early stage in the criminal process.

4. **Criminal Law § 138— good character or reputation as mitigating factor — insufficient evidence**

   Defendant produced insufficient, inherently credible evidence of good character or reputation in the community in which he lives to require the trial court to find this factor in mitigation where the record did not disclose whether the character witnesses were friends or relatives of defendant or whether they had sufficient knowledge to be acquainted with his character or reputation, and where the testimony of the character witnesses revealed simply that defendant is a regular churchgoer, has a family, and has never been in trouble before. G.S. 15A-1340.4(a)(2)(n).

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 4 January 1983 in GUILFORD County Superior Court. Heard in the Court of Appeals 11 January 1984.

Defendant was charged in separate indictments with attempted first degree rape of Myra Ann Pagett on or about 4 August 1982; second degree rape of Bonnie Cheeks on or about 4 August 1982; first degree kidnapping of Myra Ann Pagett on or about 4 August 1982; first degree kidnapping of Bonnie Cheeks on or about 4 August 1982; and second degree rape of Juanna Denise Massey on 31 August 1982. At trial, pursuant to a plea arrangement, defendant entered pleas of guilty to all of the above charges.

The rape and kidnapping charges involving Ms. Pagett (82CRS50090 and 82CRS50128) were consolidated and defendant was sentenced to twelve years in prison, the presumptive term. The remaining charges (82CRS50089, second degree rape; 82CRS50091, second degree rape; and 82CRS50127, first degree kidnapping) were also consolidated and defendant was sentenced to sentences which exceed the presumptive term; from those sentences defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General John C. Daniel, Jr., for the State.*

*Lee, Johnson & Williams, P.A., by Joseph A. Williams, for defendant.*

WELLS, Judge.

In his first assignment of error, defendant contends that the trial court erred in its "determination" as to the necessary

evidence to sustain the charges of first degree kidnapping, first degree attempted rape, and first degree rape.

[1]   Defendant argues, *inter alia*, that the trial judge violated the constitutional prohibition against double jeopardy by using facts which tend to prove the attempted first degree rape of Ms. Pagett to establish the elements of the first degree kidnapping of Ms. Pagett. A similar argument was rejected by our Supreme Court in *State v. Williams*, 295 N.C. 655, 249 S.E. 2d 709 (1978), based upon construction of N.C. Gen. Stat. § 14-39(b) (1979 Cum. Supp.) as it then appeared. Defendant contends, however, that the 1981 amendment of N.C. Gen. Stat. § 14-39(b) (1979 Cum. Supp.), coupled with the reasoning of *Williams*, supports his double jeopardy argument. Whatever the merits of defendant's claim, however, we are powerless to consider it. Defendant may present his argument only upon a writ of certiorari, as there is no appeal of right from cases in which a criminal defendant enters a guilty plea. N.C. Gen. Stat. § 15A-1444(a1) (1981). Defendant's petition for a writ of certiorari was rejected by another panel of this court on 9 August 1983, and we are bound by that decision. *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E. 2d 629 (1983). We are, therefore, without jurisdiction to consider defendant's first assignment of error.

In his second and third assignments of error, defendant contends that the trial judge made several errors during the sentencing hearing on the three consolidated rape and kidnapping charges (82CRS50089, 82CRS50091 and 82CRS50127). We will therefore consider these assignments of error together.

[2]   Defendant first contends that the trial judge erred by finding as an aggravating factor that defendant had been "engaged in a pattern of violent conduct which indicates a serious danger to society." Because defendant has no prior criminal record, it is clear that the trial judge relied upon evidence of events leading to the five kidnapping and rape convictions to prove that defendant had engaged in a "pattern of violent conduct." A defendant's prior convictions may be considered in aggravation except where the crimes are joinable with the offense for which the defendant is currently being sentenced. N.C. Gen. Stat. § 15A-1340.4(a)(1)(o) (1981 Cum. Supp.). Since the five charges against defendant were joinable, the trial judge could not have properly considered de-

fendant's conviction of one of the offenses as an aggravating factor in any of the other four cases. It would frustrate the intent of the statute to permit a trial judge to consider the fact that a defendant "committed" a joinable offense, when he could not consider that defendant had been convicted of that same joinable offense.

[3] Next, defendant argues that the trial court should have found as mitigating factors that (1) defendant had a good character or good reputation in the community in which he lives, N.C. Gen. Stat. § 15A-1340.4(a)(2)(m) (1981 Cum. Supp.) and (2) defendant voluntarily acknowledged wrongdoing to a law enforcement officer prior to arrest or early in the criminal process. N.C. Gen. Stat. § 15A-1340.4(a)(2)(l) (1981 Cum. Supp.). The State's own evidence at the sentencing hearing indicates that defendant confessed "early on" after his arrest. Therefore, it was error for the trial judge to fail to find this factor. *State v. Graham*, 61 N.C. App. 271, 300 S.E. 2d 716 (1983).

[4] Defendant's argument concerning the judge's failure to find defendant's good character or reputation in mitigation requires more detailed discussion, and we turn first to an analysis of recent decisions of our Supreme Court. These cases teach that a trial judge's failure to find a mitigating factor will be error where the evidence is (1) substantial or uncontradicted and (2) inherently credible. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). Under the first prong of the test, evidence of good character or reputation must be at least "substantial." Unfortunately, definitions of good character are nebulous at best. In *State v. Benbow*, 309 N.C. 538, 308 S.E. 2d 647 (1983), the court defined good character as "something more than the absence of bad character . . . It means that he must have conducted himself as a man of upright character ordinarily would, should or does. . . . Character thus encompasses both a person's past behavior and the opinion of members of his community arising from it." (Cites omitted.) Nor do the facts in *Benbow* itself provide much further guidance. The court noted that defendant's witnesses ". . . paint[ed] a picture of a young man who, apart from one incident with the law for which he appeared to have been making satisfactory amends, was generally well-behaved, considerate, and respectful to family and friends. . . . This evidence does not rise to the level which would entitle defendant to a finding in mitigation

that he was a person of 'good character' or that he had a 'good reputation.' " *Id.* Although the *Benbow* decision seems to indicate that possession of the quiet virtue of good manners and a law-abiding life do not necessarily constitute a good character, the court did not specify what level of benevolence is required. A similar result was reached in *State v. Taylor*, 309 N.C. 570, 308 S.E. 2d 302 (1983), in which the court held that evidence that defendant was nonviolent and well-behaved was insufficient to demonstrate a good character or reputation.

The second prong of the test requires inherently credible evidence of good character. Even where favorable character evidence is uncontradicted, the trial judge may determine that the witnesses are unreliable and hold that defendant has failed to meet his burden of proof. *State v. Benbow, supra.* The few cases decided on this point indicate several permissible indicia of unreliability.

In *State v. Benbow, supra,* for instance, the court noted that defendant's character witnesses were "for the most part, family members." In *State v. Taylor, supra,* at least four men testified to defendant's good character. "[T]hree witnesses admitted that their knowledge of defendant's character and reputation was limited," and had been gained primarily from occasional contacts with defendant in a pool hall. The fourth witness "conceded that he and defendant 'are good friends and were good friends.' " Language such as this leaves a criminal defendant in the difficult position of trying to find character witnesses who are not relatives or good friends and yet know him well and are willing to testify on his behalf.

Applying the foregoing rules to these cases, we are forced to hold that defendant produced insufficient, inherently credible evidence of good character or reputation in the community in which he lives to *require* the trial court to find this factor in mitigation. The record does not disclose, for instance, whether the character witnesses were friends or relatives of defendant, or whether they had sufficient knowledge to be acquainted with his character or reputation. Furthermore, the testimony of the character witnesses reveals simply that defendant is a regular church-goer, has a family, and has never been in trouble before. Although we are reluctant to interpret the "good character" re-

quirement so narrowly, it appears in the light of *State v. Benbow, supra,* that we have no other choice.

Because the trial judge erred in failing to find that defendant confessed at an early stage of the criminal process and in finding that defendant had participated in a pattern of violent conduct which constitutes a danger to society, cases numbered 82CRS-50089, 82CRS50091 and 82CRS50127 must be remanded for resentencing.

The results are:

As to 82CRS50090 and 82CRS50128

No error.

As to 82CRS50089, 82CRS50091 and 82CRS50127

Remanded for resentencing.

Judges WEBB and WHICHARD concur.