STATE OF NORTH CAROLINA v. JOHNNIE GATLIN PUCKETT, JR.

No. 837SC692

(Filed 21 February 1984)

### 1. Criminal Law § 138— use of same evidence for two aggravating factors

The trial court erred in using the same evidence in finding as aggravating factors that defendant had engaged in violent conduct which is a threat to society and that defendant is a dangerous mentally abnormal person.

### 2. Criminal Law § 138— felonious assault—killing of another as aggravating factor

In imposing a sentence for an assault with a deadly weapon with intent to kill inflicting serious injury which had been joined for trial with a second degree murder charge, the trial court could not properly consider as a factor in aggravation that defendant killed another person in the course of the assault. G.S. 15A-1340.4(a)(1)(o).

### 3. Criminal Law § 138— felonious assault—lying in wait as aggravating factor

In imposing a sentence for an assault with a deadly weapon with intent to kill inflicting serious injury, the trial court could not properly find as a factor in aggravation that defendant committed the offense while "lying in wait" since such factor constitutes an element of the separate but joinable offense of secret assault.

### 4. Criminal Law § 138— felonious assault—extenuating relationship mitigating factor—insufficient evidence

The trial court did not err in failing to find as a factor in mitigation of a felonious assault that the relationship between defendant and the victim was otherwise extenuating, G.S. 15A-1340.4(a)(2)(i), where the evidence showed only that defendant was distraught over the breakup of his relationship with the victim.

### 5. Criminal Law § 138— acknowledgment of wrongdoing mitigating factor—sufficient evidence

The trial court should have found as a factor in mitigation of a felonious assault that defendant acknowledged wrongdoing at an early stage of the criminal process where defendant told the arresting officers that he shot the victim, notwithstanding defendant later attempted to contest the legal effect of his actions by attempting to prove that he was suffering from a mental disorder. G.S. 15A-1340.4(a)(2)(1).

### 6. Criminal Law § 138— exercise of caution mitigating circumstance—insufficient evidence

Evidence of defendant's attempts to get psychiatric treatment did not require the trial court to find as a factor in mitigation of a felonious assault that defendant "exercised caution to avoid such consequences," G.S. 15A-1340.4 (a)(2)(j), since (1) the statute does not include attempts by a criminal defendant to restrain himself from committing the criminal act itself, and (2) the evidence

was not uncontradicted and inherently credible but would have warranted a conclusion that defendant was simply erecting a defense or excuse by seeking medical help.

APPEAL by defendant from *Brown, Judge.* Judgment entered 31 March 1983 in EDGECOMBE County Superior Court. Heard in the Court of Appeals 18 January 1984.

Defendant was charged with the second degree murder of Steve Cantrell and assaulting Sherrill Williams with a deadly weapon with intent to kill inflicting serious injury on 8 August 1982.

The evidence, which is largely uncontradicted, tended to show that defendant was a Vietnam veteran who began experiencing personality changes and mental disorders after his return to civilian life. Defendant separated from his wife after at least one incident in which he threatened her with a knife. Thereafter, defendant had difficulties maintaining steady employment and relationships with women and became suspicious and withdrawn. In about 1980, defendant began living with Ms. Williams. The couple separated after about eighteen months, at defendant's request, but defendant later tried to convince Ms. Williams to return to him. In July, 1982 defendant visited Ms. Williams' home one morning about 3:00 a.m. and threatened her with a gun, which later discharged into her refrigerator. Although the pair reconciled briefly after the shooting, a week later defendant forced Ms. Williams to drive him around town, and threatened to kill her some evening as she left work. Defendant visited hospitals and clinics in Fayetteville, Durham and Rocky Mount seeking treatment for his mental condition. At least one physician tentatively diagnosed defendant as suffering from "post traumatic stress disorder," in which defendant "flashed back" to his Vietnam combat experiences. Defendant was treated with drugs, but was not hospitalized for his condition prior to the August shooting.

On 8 August 1982 as Ms. Williams and Cantrell were leaving work, defendant shot and wounded Ms. Williams and killed Cantrell. Defendant pleaded guilty to both offenses, and under a plea agreement, was sentenced to life imprisonment for the killing. A sentencing hearing was held 28 March 1983 pursuant to North Carolina's Fair Sentencing Act, Gen. Stat. § 15A-1340.1 to -1340.7

(1983), for the purpose of determining punishment in the assault case.

Following the sentencing hearing, the trial judge found that the aggravating factors outweighed the mitigating factors, and sentenced defendant to fifteen years in prison, nine years more than the presumptive term provided in N.C. Gen. Stat. § 15A-1340.4(f) (1983). The trial judge found as aggravating factors that:

1. The defendant had previously threatened the victim of this assault, exhibited violence toward her and engaged in violent conduct which indicates a serious danger to society.

2. The offense was committed by lying in wait.

3. The defendant is a dangerous mentally abnormal person whose commitment is necessary for the protection of the public.

4. The defendant killed another person in the course of this assault.

The trial judge found as mitigating factors that

1. The defendant was suffering from a mental condition that was insufficient to constitute a defense, but reduced his culpability for the offense.

2. Defendant's only conviction was for an offense punishable by less than 60 days' confinement.

3. The defendant has been a person of good character and has had a good reputation in the community in which he lives.

From imposition of a sentence greater than the presumptive term, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General G. Criston Windham, for the State.*

*Meadows, Johnson & Spinks, by Lee A. Spinks, for defendant.*

WELLS, Judge.

[1]   In his first argument, defendant contends that the trial judge erred in three ways: by using the same evidence to support two aggravating factors, by relying on defendant's mental condition as an aggravating factor when there was no showing that the illness would last beyond the presumptive jail term, and by failing to notify defendant that the judge was considering using defendant's mental condition as an aggravating factor. On appeal

> '[t]here is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amounting to a denial of some substantial right. . . . A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.'

*State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), *citing State v. Pope*, 257 N.C. 326, 126 S.E. 2d 126 (1962). Defendant first contends that the trial judge erroneously relied upon the same evidence to prove the first and the third aggravating factors. Our analysis is complicated by the fact that the trial judge actually grouped two conclusions in his first aggravating factor, linking the finding that defendant threatened the assault victim with the broader finding that defendant is a threat to society at large. The better practice is to list only one finding in each factor in mitigation or aggravation, *State v. Ahearn, supra.* Our review of the record and the trial judge's findings leads us to conclude that evidence showing defendant had engaged in violent conduct which is a threat to society (second part of first aggravating factor) is the same evidence supporting the finding that defendant is a dangerous mentally abnormal person (third factor). The use of the same evidence to prove more than one factor in aggravation was error. *See State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). We are not convinced by the state's argument that evidence that defendant planned to shoot Ms. Williams and claim his illness as a defense demonstrates that defendant is a dangerous, mentally abnormal person, independent of proof of defendant's acts of violence. Assuming that there was sufficient evidence that defendant "manipulated" his illness, this alone does not prove that

he is dangerous. A person may plot without being dangerous, if there is no likelihood that he will act on his plans. It is the risk that the schemer will carry out his plans of violence which makes him dangerous. Thus, it is defendant's history of violence which makes him dangerous, not his beliefs that his illness could shield him from punishment.

Because we hold that the trial judge erred in finding defendant's mental condition as an aggravating factor, we need not consider defendant's other two arguments under this assignment of error.

In his second argument, defendant contends that there was insufficient evidence that defendant committed the offense while "lying in wait," and further, that the trial judge should have provided defendant with advance notice that he was considering this factor in aggravation. For reasons stated by us in disposing of defendant's third assignment of error, we hold that the trial court erred in finding lying in wait as an aggravating factor and we therefore do not reach defendant's "notice" argument presented in this assignment.

[2] In his third argument, defendant contends that the trial judge erred in finding as an aggravating factor that defendant killed another person in the course of the assault. Under N.C. Gen. Stat. § 15A-1340.4(a)(1)(o) (1983), prior *convictions* may be considered in aggravation, except those for crimes which are joinable with the offense for which defendant is being sentenced. In the case before us, the assault charge was joined with the second degree murder charge, and therefore the trial judge could not have properly considered that defendant had been convicted of killing Cantrell. It would frustrate the purpose of the statute to permit the trial judge to consider that defendant killed Cantrell during the assault on Ms. Williams, where he clearly could not consider the fact that defendant had been convicted of killing Cantrell. *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984) and *State v. Winnex*, 66 N.C. App. 280, 311 S.E. 2d 594 (1984). We therefore hold that the trial court erroneously found as a factor in aggravation that defendant killed another person in the course of the assault.

[3] Applying the reasoning in *Lattimore* to the "lying in wait" factor requires us to reach the same result as to that factor. In

the context of an assault case, "lying in wait" is nothing more or less than taking the victim by surprise, an element of secret assault, a separate but joinable offense.[1] We are aware of the results reached by other panels of this court and our supreme court in *State v. Abee*, 308 N.C. 379, 302 S.E. 2d 230 (1983) and *State v. Green*, 62 N.C. App. 1, 301 S.E. 2d 920 (1983), where evidence which tended to show additional criminal acts committed during the crime for which defendants were being sentenced was considered as factors in aggravation. In those cases, however, the statutory prohibition against use of joinable offenses was not considered or addressed. In light of *Winnex* and *Lattimore*, we must conclude that the use of evidence of an element of a joinable offense with which defendant has not been charged is even less valid than the use of evidence of the commission of joinable offense for which a defendant has been convicted, and that this factor was erroneously found.

In his fourth argument defendant contends that the trial judge erred in failing to find at least one of the following mitigating factors: (1) defendant's limited mental capacity at the time of the offense significantly reduced his culpability; (2) defendant acted under strong provocation or the relationship between defendant and the victim was otherwise extenuating; (3) defendant acknowledged wrongdoing at an early stage of the criminal process; (4) defendant's ability to conform his conduct to the requirements of the law was impaired; (5) defendant attempted to avoid the consequences of the offense by seeking treatment for his mental condition or (6) that defendant was using medication which altered his mental state and reduced his culpability for his actions.

The first, fourth and fifth proposed factors are all alternative findings based on defendant's mental condition and thus will be considered together. An examination of the trial record seems to indicate that the trial judge did find as a mitigating factor that defendant suffered from a mental condition insufficient to constitute a defense but which reduced his culpability for the

---

1. N.C. Gen. Stat. § 14-31. *Maliciously assaulting in a secret manner.* If any person shall in a secret manner maliciously commit an assault and battery with any deadly weapon upon another by waylaying or otherwise, with intent to kill such other person, notwithstanding the person so assaulted may have been conscious of the presence of his adversary, he shall be punished as a Class F felon.

defense. N.C. Gen. Stat. § 15A-1340.4(a)(2)(d) (1983). Because the record appears to be in conflict with the briefs of the parties, and because defendant must receive a new sentencing hearing based on other errors already discussed, we reserve further discussion on defendant's arguments concerning his mental condition.

**[4]** Defendant also contends that the trial judge should have found that defendant acted under strong provocation or that the relationship between defendant and the victim was otherwise extenuating. N.C. Gen. Stat. § 15A-1340.4(a)(2)(i) (1983). Defendant does not contend that the facts show that he was provoked within the meaning of the statute, which requires a showing of a threat or challenge by the victim to the defendant. *See, e.g., State v. Taylor,* 309 N.C. 570, 308 S.E. 2d 302 (1983) (victim pointed gun at defendant); *State v. Wood,* 61 N.C. App. 446, 300 S.E. 2d 903 (1983) (victim threatened and argued with defendant). Instead, defendant contends that the evidence shows that "the relationship between defendant and the victim was otherwise extenuating." Defendant apparently contends that because he was distraught over the breakup of his relationship with Ms. Williams, his actions should be viewed in a more forgiving light. We disagree. There is nothing on the face of the statute to indicate that our legislature meant to provide shorter prison terms for defendants motivated by jealousy or rage.

**[5]** Defendant next argues that the trial judge should have found that defendant acknowledged wrongdoing at an early stage of the criminal process, as provided in N.C. Gen. Stat. § 15A-1340.4 (a)(2)(1) (1983). The uncontradicted evidence in this case demonstrates that after the shooting, defendant went to his mother's home and announced "I think I have done something terrible, Mom. . . . I think I have killed Sherrill." Defendant then waited while his mother called the police. Soon after the police arrived, defendant told them "I shot Sherrill, didn't I?" This is sufficient to satisfy the requirements of the statute. The fact that defendant later attempted to contest the legal *effect* of his actions by attempting to prove he was suffering from a mental disorder does not negate the fact that defendant did admit performing the underlying act of shooting Ms. Williams. Nothing in the language of the Fair Sentencing Act requires a defendant to forego all possible defenses before he may take advantage of the statutory mitigating factors. *Compare State v. Simmons,* --- N.C. App. ---,

310 S.E. 2d 139 (1984) (the court did not err in refusing to consider in mitigation that defendant turned himself in after he learned a warrant had been issued for his arrest but did not admit he had done the deed he was charged with). The trial court erred in not finding this factor in mitigation.

[6] Defendant contends finally that the trial judge should have found in mitigation that defendant ". . . could not reasonably foresee that his conduct would cause or threaten serious bodily harm or fear, or the defendant exercised caution to avoid such consequences." Careful reading of the statute indicates that this mitigating factor is present where a defendant takes action to avoid harmful results of his criminal action, such as ensuring that accomplices are not armed with weapons. *See, e.g., State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983) (insufficient showing of this factor where defendant knew accomplice had a gun, although defendant pleaded with accomplice not to shoot victim). The statute does not refer to attempts by a criminal defendant to restrain himself from committing the criminal act itself, as in the case before us. Further, evidence of defendant's attempts to get psychiatric treatment and thereby control his violent urges was neither uncontradicted nor inherently credible. A judge need only find the existence of a mitigating factor if evidence of its existence is both uncontradicted and manifestly credible. *State v. Jones, supra.* In the case before us, however, there was evidence that defendant predicted he would shoot Ms. Williams as she was leaving work, that he told Ms. Williams he could escape punishment because he was receiving psychiatric treatment and that he wrote a letter expressing the same view after the shootings. This evidence is sufficient to warrant a conclusion that defendant was simply erecting a defense or excuse by seeking medical help, rather than attempting to restrain himself from harming Ms. Williams, and we hold that the trial judge did not err in failing to find a mitigating factor based on this evidence.

We have carefully considered defendant's other assignments of error and conclude we need not discuss them in light of our holding that defendant must receive a new sentencing hearing consistent with this opinion.

Remanded for resentencing.

Judges BRASWELL and PHILLIPS concur.