STATE OF NORTH CAROLINA v. VERNON LYNN LUNSFORD

No. 8419SC151

(Filed 20 November 1984)

**Criminal Law § 138— failure to find mitigating factor—evidence insufficient**

There was no error in the court's failure to find as a mitigating factor that prior to arrest or at an early stage in the criminal process defendant voluntarily acknowledged wrongdoing where the only evidence that defendant acknowledged his participation did not show when he did so. G.S. 15A-1340.4(a)(2)l (1983).

APPEAL by defendant from *Helms, William H., Judge.* Judgment entered 26 October 1983 in ROWAN County Superior Court. Heard in the Court of Appeals 16 October 1984.

Defendant pled guilty to and was convicted of two counts of breaking and entering and was sentenced to a term of eight years.

*Attorney General Rufus L. Edmisten, by Associate Attorney General Victor H. E. Morgan, Jr., for the State.*

*Ford & Parrott, by Larry G. Ford, for defendant.*

WELLS, Judge.

In his sole assignment of error, defendant contends that the trial court erred in sentencing him to a term of imprisonment in excess of the statutory presumptive term. More particularly, defendant contends that the trial court erred in failing to find as a mitigating factor that prior to arrest or at an early stage in the criminal process defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer, under the provisions of N.C. Gen. Stat. § 15A-1340.4(a)(2)l (1983).

From the record before us, it does not appear that defendant offered any evidence on this issue. The record of evidence we have indicates that the District Attorney stated to the court that defendant did make a statement to a law enforcement officer acknowledging his participating in the break-ins. The District Attorney's statement does not, however, show when defendant made his confession. Under these circumstances, defendant has not carried his burden of showing this mitigating factor to be

established. *See State v. Winnex,* 66 N.C. App. 280, 311 S.E. 2d 594 (1984).

The judgment of the trial court is

Affirmed.

Judges ARNOLD and HILL concur.