STATE OF NORTH CAROLINA v. RICHARD WAYNE McGUIRE

No. 8521SC129

(Filed 17 December 1985)

1. **Criminal Law § 138— aggravating factor—prior act for which defendant not charged—error**

    The trial court erred in a prosecution for two attempted first degree sexual offenses by using as an aggravating factor a third joinable offense for which defendant was not charged. The State must charge defendant and prove beyond a reasonable doubt that he committed the offense in order for the court to impose a prison sentence for that act. N.C.G.S. 15A-926(a) (1983), N.C.G.S. 15A-1340.4(a)(1)(o).

2. **Criminal Law § 138— aggravating factor—defendant took advantage of his position of trust or confidence—no error**

    The trial court did not err in a prosecution for two attempted first degree sexual offenses by finding in aggravation that defendant took advantage of a position of trust or confidence where the evidence showed that defendant was living with the mother of one of the victims, defendant was entrusted with each boy on each occasion, and even defendant said he was babysitting. Defendant's argument that no position of trust or confidence arose because he was not paid for his services was rejected as specious.

**3. Criminal Law § 138— mitigating factors found for one offense but not for the second—error**

The trial court erred when sentencing defendant for two attempted first degree sexual offenses by not treating the aggravating and mitigating factors for each offense separately and by failing to find that the three factors in mitigation that were found for one case were equally applicable to the other where the court found that defendant had no criminal record, had acknowledged wrongdoing at an early stage of the criminal process, and had been honorably discharged from the armed services; the transcript indicated that those factors would apply in both cases but they were found in only one case on the judgment and sentencing forms; the evidence of each was found at a single sentencing hearing; and there was no reason for those factors to apply in one case and not the other.

**4. Criminal Law § 138— mitigating factors not found—good reputation in community—suffering from mental condition, immaturity or limited mental capacity—no error**

The trial court did not err in a prosecution for two attempted first degree sexual offenses by failing to find that defendant had a good reputation in the community or that he was suffering from a mental condition, immaturity or a limited mental capacity reducing his culpability for the crimes where the only evidence of his good reputation was affidavits from friends of the family and an employer; the only evidence of mental illness was a psychiatric evaluation which showed that defendant had a mixed personality disorder with dependent passive and histrionic features, that defendant was evasive, self-centered and tended to project blame for his problems on others, and did not conclude that defendant had a mental illness; defendant offered little or no evidence of his immaturity; and defendant's I.Q. was in the dull-normal range.

**5. Criminal Law § 138— greater than presumptive sentence—error**

Where a prosecution for two attempted first degree sexual offenses was remanded for resentencing on other grounds, it was noted that the court's sentence of eighteen years was the equivalent of three six-year presumptive sentences for two criminal acts and one act found as a factor in aggravation and that the judge had stated during sentencing that he was in effect giving three presumptive sentences for three occasions and was trying to send a deterrence message. It is the role of the General Assembly to send out general messages to criminal offenders, and it should be obvious that giving three presumptive sentences for two offenses not only violates the policy of the Fair Sentencing Act, but also punishes defendant for crimes the State has not proven beyond a reasonable doubt.

APPEAL by defendant from *Wood, Judge*. Judgment entered 10 September 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 September 1985.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Evelyn M. Coman, for the State.*

*Booe, Mitchell, Goodson & Shugart, by D. Donovan Merritt, for defendant appellant.*

BECTON, Judge.

Defendant, Richard Wayne McGuire, pleaded guilty in two cases, each charging attempted first degree sexual offense. In the first case, 84CRS15800 (Case '800), the victim was an eight-year-old boy and defendant was sentenced to eight years imprisonment. In the second case, 84CRS15801 (Case '801), the victim was a four-year-old boy, and defendant was sentenced to a ten-year term to run consecutively with the sentence imposed in Case '800. Each sentence exceeds the presumptive term of six years for these Class F felonies. *See* N.C. Gen. Stat. Sec. 15A-1340.4(f)(4) (1983). Defendant appeals both sentences.

I

At defendant's sentencing hearing on 10 September 1984, the State's only evidence was the testimony of Detective K. H. Blevins. Blevins had taken defendant's voluntary confession prior to his arrest and had spoken with the prosecuting witnesses, Ms. M. and Ms. S., the victims' mothers. Blevins recounted what these people had told him, referring to defendant as the babysitter of the victims at the time of the offenses. Ms. M. had told Blevins that there were two sexual acts committed on her son, one on 23 February 1984 and another in late March 1984. Defendant offered two affidavits supporting his claim of good character and reputation. Defendant's attorney informed the court that defendant had been honorably discharged from the armed services. He also summarized the findings contained in a psychiatric report concerning defendant, and offered written findings to the court.

The transcript and the record in this appeal reveal some confusion regarding these two cases. For example, the indictments and judgments in these cases were jumbled. The indictment in Case '800 charged the defendant with the commission of a sexual offense on 30 March 1984 with the four-year-old boy. When the trial court called this case number for sentencing, the prosecutor stated that it involved the four-year-old boy, and according to the

transcript, an eight-year sentence was imposed. However, the written judgment and sentence in Case '800, issued on the same day as the sentencing hearing, indicate that Case '800 involved the 23 February 1984 incident with the eight-year-old boy and resulted in a sentence of eight years. Conversely, the indictment in Case '801 describes the 23 February 1984 incident with the eight-year-old boy, and the transcript shows that the court imposed a ten-year sentence in Case '801. The written judgment in Case '801, however, describes the 30 March 1984 incident with the four-year-old child and shows a ten-year sentence.

Another complexity is that the transcript reveals the trial court intended to find the same aggravating and mitigating factors in both cases, but the written and signed judgments do not contain the same factors. The court found as factors in aggravation in both cases: (1) "the defendant took advantage of a position of trust or confidence to commit the offense," and (2) "prior to this offense, he committed an act in February for which this defendant could have been charged and was not charged." But the court found factors in mitigation only in Case '800: (1) the defendant had no criminal record, (2) defendant acknowledged wrongdoing to a law enforcement officer early in the criminal process, and (3) defendant was honorably discharged from the military. In Case '801, the court found no factors in mitigation. In both cases, the court found that the aggravating factors outweighed the mitigating factors.

Defendant contends that the trial court erred by (1) using evidence of an element of a joinable offense, with which defendant was not charged, as an aggravating factor; (2) finding that defendant had taken advantage of a position of trust or confidence; (3) failing to find certain mitigating factors; (4) relying on the same evidence to prove aggravating factors in two separate cases; and (5) imposing "three presumptive sentences" on a plea of guilty to two charges. For errors in the sentencing process, we remand for resentencing.

## II

[1]   In sentencing the defendant in both cases, the trial court found in aggravation that "prior to this offense he committed an act in February for which this defendant could have been charged and was not charged." For the following reasons, we hold it was

State v. McGuire

error to find this factor, and we remand for resentencing. *State v. Westmoreland*, 314 N.C. 442, 334 S.E. 2d 223 (1985); *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984); *State v. Taylor*, 74 N.C. App. 326, 328 S.E. 2d 27 (1985); *State v. Puckett*, 66 N.C. App. 600, 312 S.E. 2d 207 (1984); *State v. Winnex*, 66 N.C. App. 280, 311 S.E. 2d 594 (1984).

It is our understanding of the record that the defendant pleaded guilty to a February offense against the eight-year-old boy and a March offense against the four-year-old boy. A police detective testified at the sentencing hearing that Ms. M. had told him that her son had told her that defendant also committed an offense against the boy in late March.[1] For whatever reason, the State chose not to indict the defendant on this alleged act. Nonetheless, it is clear that this offense, had the State indicted thereon, was joinable with the offense against the same boy one month earlier. *See* N.C. Gen. Stat. Sec. 15A-926(a) (1983). The two incidents, assuming the one in late March in fact occurred, were similar in time, place and circumstance. *See State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983); *State v. Johnson*, 280 N.C. 700, 187 S.E. 2d 98 (1972). Both incidents, as well as the offense against the four-year-old boy, took place in defendant's residence, involved the same sexual act, and occurred under very similar circumstances. *State v. Green*, 294 N.C. 418, 241 S.E. 2d 662 (1978). We find that the unindicted offense was joinable with both charges to which defendant pleaded guilty.

It is argued that there is a conflict between the decisions of our Supreme Court in *State v. Abee*, 308 N.C. 379, 302 S.E. 2d 230 (1983) and *State v. Lattimore*, 310 N.C. 295, 311 S.E. 2d 876 (1984). Although we would tend to agree, the Supreme Court recently addressed this argument and stated in dicta that *Abee* and *Lattimore* are not in conflict. *See State v. Westmoreland*, 314 N.C. 442, 450, 334 S.E. 2d 223, 228 (1985).

In *Abee*, the defendant pleaded guilty to one count of second degree sexual offense. The trial court found in aggravation that

---

1. We note that in the non-statutory aggravating factor the trial court mistakenly refers to a February, rather than a March, act. Although this is harmless error, *cf. State v. Walters*, 294 N.C. 311, 240 S.E. 2d 628 (1978), we strongly urge that errors of this nature, which are found repeatedly throughout the record in this case, be carefully avoided on resentencing.

defendant committed repeated sexual acts. The Court held that when only one illegal act is necessary to support a conviction, other acts committed by a defendant may be used in aggravation of the sentence. 308 N.C. at 380-81, 302 S.E. 2d at 231-32; *see Westmoreland,* 314 N.C. at 450, 334 S.E. 2d at 228. In *Lattimore,* the defendant was convicted of both attempted robbery with a firearm and second degree murder. The trial court used as an aggravating factor on the robbery sentence that the victim had died, and on the sentence for murder, that it occurred during an attempted armed robbery. 310 N.C. at 300, 311 S.E. 2d at 880. The Supreme Court held:

> G.S. Sec. 15A-1340.4(a)(1)(o) specifically prohibits, as an aggravating factor, the use of convictions for offenses "joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." To permit the trial judge to find as a non-statutory aggravating factor that the defendant *committed* the joinable offense would virtually eviscerate the purpose and policy of the statutory prohibition.

310 N.C. at 299, 311 S.E. 2d at 879.

In *Westmoreland,* the Supreme Court distinguished *Lattimore* (and *Westmoreland*) from *Abee*: "In *Lattimore* and the case before us [*Westmoreland*] the aggravating factors were based on joined offenses of which defendant had been contemporaneously convicted." 314 N.C. at 450, 334 S.E. 2d at 228.

An additional and important, albeit subtle, distinction should be drawn between *Lattimore* and *Abee.* Each case involved a separate aggravating factor — in *Lattimore,* the commission of an act that constitutes a joinable offense, and in *Abee,* the repeated commission of an act which formed the basis of the offense being aggravated. The Court in *Lattimore* did not discuss *Abee* in its opinion. The Court in *Abee* was concerned with correcting the reasoning of the Court of Appeals and wrote a short, narrow opinion. The Court of Appeals in *Abee* had held that none of the evidence used to prove the offense could be used in aggravation of the sentence, even if the offense required only one act and the evidence indicated several. *Abee,* 308 N.C. at 381, 302 S.E. 2d at 231. The Supreme Court held simply that the State is not prohibited from using acts in aggravation just because they tended

to prove the offense, as long as the acts were not "necessary to prove any element of the offense." *Id.* Nonetheless, we note that there might be other prohibitions on the use of those acts as aggravating factors. Thus, for example, *Lattimore*, decided one year after *Abee*, held that the State is prohibited from using criminal acts to aggravate a sentence if the acts themselves constitute offenses joinable with the offense for which defendant is being sentenced. In *Westmoreland*, the Supreme Court explained that this applies to contemporaneous convictions as well as prior convictions under G.S. Sec. 15A-1340.4(a)(1)(o). 314 N.C. at 449, 334 S.E. 2d at 228.

In the case at bar, the defendant was not *convicted* of the contemporaneous, joinable offense against the eight-year-old boy. The trial court simply used the fact that the defendant *committed* the criminal act to aggravate the sentence for the joinable offenses. As the Supreme Court made clear in *Lattimore*, to allow the trial court to find that the defendant *committed* an act when the court is prohibited from finding the defendant was *convicted of committing* the same act, "would virtually eviscerate the purpose and policy of the statutory prohibition." *Lattimore*, 310 N.C. at 299, 311 S.E. 2d at 879; *see* G.S. Sec. 15A-1340.4(a)(1)(o). In *State v. Winnex*, 66 N.C. App. 280, 282-83, 311 S.E. 2d 594, 596 (1984), this Court followed the same reasoning:

> Defendant first contends that the trial judge erred by finding as an aggravating factor that defendant had been "engaged in a pattern of violent conduct which indicates a serious danger to society." Because defendant has no prior criminal record, it is clear that the trial judge relied upon evidence of events leading to the five kidnapping and rape convictions to prove that defendant had engaged in a "pattern of violent conduct." A defendant's prior convictions may be considered in aggravation except where the crimes are joinable with the offense for which the defendant is currently being sentenced. N.C. Gen. Stat. Sec. 15A-1340.4(a)(1)(o) (1981 Cum. Supp.). Since the five charges against defendant were joinable, the trial judge could not have properly considered defendant's conviction of one of the offenses as an aggravating factor in any of the other four cases. It would frustrate the intent of the statute to permit a trial judge to consider the fact that a defendant "committed" a joinable of-

fense, when he could not consider that defendant had been convicted of that same joinable offense.

In *State v. Puckett*, 66 N.C. App. 600, 604, 312 S.E. 2d 207, 210 (1984), this Court relied on *Lattimore* and *Winnex* to hold that the trial court erred in sentencing the defendant on an assault conviction by finding in aggravation that the defendant had killed another person during the assault because this constituted the joined offense of second degree murder. The *Puckett* Court went on to consider a related error:

> Applying the reasoning in *Lattimore* to the "lying in wait" factor requires us to reach the same result as to that factor. In the context of an assault case, "lying in wait" is nothing more or less than taking the victim by surprise, an element of secret assault, a separate but joinable offense. We are aware of the results reached by other panels of this court and our supreme court in *State v. Abee*, 308 N.C. 379, 302 S.E. 2d 230 (1983) and *State v. Green*, 62 N.C. App. 1, 301 S.E. 2d 920 (1983), where evidence which tended to show additional criminal acts committed during the crime for which defendants were being sentenced was considered as factors in aggravation. In those cases, however, the statutory prohibition against use of joinable offenses was not considered or addressed. In light of *Winnex* and *Lattimore*, we must conclude that the use of evidence of an element of a joinable offense with which defendant has not been charged is even less valid than the use of evidence of the commission of joinable offense for which a defendant has been convicted, and that this factor was erroneously found.

*Id.* at 604-05, 312 S.E. 2d at 210 (footnote defining felony of secret and malicious assault under N.C. Gen. Stat. Sec. 14-31, omitted); *see also Taylor* (relying on *Lattimore, Puckett,* and *Winnex*). Thus, this Court in *Puckett* recognized the apparent confusion regarding *Abee* and noted that the Supreme Court in *Abee* did not discuss the prohibition against the use of joinable offenses.

We now reaffirm that it is error to use as an aggravating factor "evidence of an element of a joinable offense with which defendant has not been charged." *Id.* In order for the trial court to impose a prison sentence on defendant for committing such an

act, the State must charge the defendant and prove beyond a reasonable doubt that he committed the offense. In short, although the trial court's finding was not prohibited by *Abee*, it was prohibited by *Lattimore* and *Puckett*. This case must be remanded for resentencing *de novo*. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

## III

[2] Defendant next assigns as error that the trial court found in aggravation that the defendant had taken advantage of a position of trust or confidence. We address this assignment of error and several of defendant's other assignments that we believe might recur in resentencing.

The record of the judgment and findings indicates that the trial court found as an aggravating factor that defendant took advantage of a position of trust or confidence. The transcript, however, indicates that the trial judge ruled he could *not* find this factor. Either the transcript is incorrect or the trial judge changed his mind because this factor is included in the judgment, and the judgment controls. The evidence shows that the defendant was living with the mother of one of the victims. The defendant was entrusted with each boy on each occasion, and even the defendant said he was babysitting. We reject as specious defendant's argument that no position of trust or confidence arose because he was not paid for his services. This factor was found on the sentencing records in both cases, '800 and '801, and was not error.

## IV

[3] Defendant's third assignment of error is that the trial court failed to find (a) three factors in mitigation in Case '801 that were found in Case '800 and were equally applicable in both cases; and (b) two factors in mitigation that were supported by the evidence in both cases. We agree with the defendant on (a), but we disagree on (b).

The trial court found in mitigation in Case '800 that the defendant had no criminal record, had acknowledged wrongdoing at an early stage in the criminal process and had been honorably discharged from the armed services. In the transcript, the trial court ruled that these would apply in both cases, but on the judg-

ment and sentencing form these factors are found only in Case '800. We see no reason for these factors to apply in one case and not the other, especially when the evidence of each was found at a single sentencing hearing. Defendant correctly notes that the trial court should have treated the aggravating and mitigating factors for each offense separately, and failure to do so requires a new sentencing hearing under *Ahearn*. In any event, it is apparent that the trial court's wishes were not properly recorded.

[4] Defendant also contends that the trial court erred in failing to find that he had a good reputation in the community and that he was suffering from a mental condition, immaturity or a limited mental capacity reducing his culpability for the crime. The defendant has the burden of proving these factors by a preponderance of the evidence, and the trial court has the discretion to assess the credibility of defendant's evidence and either accept or reject it. *State v. Taylor*, 309 N.C. 570, 308 S.E. 2d 302 (1983).

The only evidence of defendant's good reputation were two affidavits—one from friends of the family and one from an employer. We cannot say the trial court abused its discretion in failing to find this factor.

The primary evidence of defendant's alleged mental illness is a psychiatric evaluation from Dorothea Dix Hospital. The report shows that defendant has a mixed personality disorder with dependent passive and histrionic features. He is evasive, self-centered and tends to project blame for his problems onto others. The report does not conclude that defendant has a mental illness, and it was within the court's discretion to reject this factor. Similarly, the record reveals that defendant offered little or no evidence of his immaturity and only demonstrated that he has an I.Q. in the dull-normal range. We find no error in the court's rulings on these factors.

V

[5] Finally, defendant argues that the trial court committed reversible error by imposing three presumptive sentences for two offenses. The presumptive term for each offense involved in this case is six years. Defendant was sentenced to eight years in Case '800 and ten years in Case '801. It would seem coincidental that defendant received eighteen years, the equivalent of three six-

State v. McGuire

year presumptive sentences for three criminal acts (two resulting in convictions and one found as a factor in aggravation), but the trial court's statement during sentencing casts doubt on the fortuity of the mathematics:

> What I'm doing is, in effect, giving him three presumptive sentences for these three occasions. And I hope that we're sending out a message to other people who have to do this sort of thing that courts aren't going to treat this lightly. That's the message I want to send out.

In light of the fact that we are remanding this case for resentencing on other grounds, it should suffice to note here that the legislature determined the lengths of presumptive terms for crimes with the ambition of deterrence in mind. The deterrence factor is embodied within each presumptive term, and courts should not consider it further in sentencing offenders. It is the role of the General Assembly, not the courts, to send out general "messages" to criminal offenders, except in abstract terms, and increasing or decreasing a presumptive term must relate to "the character or conduct of the offender." *State v. Chatman*, 308 N.C. 169, 180, 301 S.E. 2d 71, 78 (1983). It is not clear from the trial court's comment whether it considered this need to send out a message as an aggravating factor or was merely reflecting on the need to deter this sort of criminal conduct. We do not believe the court had decided defendant's sentence before the hearing. Nonetheless, it should be obvious that giving three presumptive sentences for two offenses not only violates the policy of the Fair Sentencing Act, but also punishes defendant for crimes which the State has not proven beyond a reasonable doubt.

## VI

For the reasons set forth above, the sentence imposed by the trial court is vacated and the cases are remanded for resentencing.

Chief Judge HEDRICK concurs in the result.

Judge PARKER concurs.