STATE OF NORTH CAROLINA, Plaintiff,
v.
DONALD LEE BANDY, Defendant.
No. COA07-1380
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Attorney General Roy A. Cooper III, by Assistant Attorney General C. Norman Young, Jr., for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for defendant-appellant.
STROUD, Judge.
Defendant was indicted for robbery with a dangerous weapon and first degree kidnapping. The State's evidence presented at trial tended to show the following: In August of 2006, Ms. Barbara Winebarger ("Ms. Winebarger") was working alone in her place of business, Pitt Tile Company. At around 2:15 p.m., defendant walked into her store and asked her several questions about carpeting. Eventually, defendant "eyed" carpet padding that Ms. Winebarger had in the back and said "I want that." Ms. Winebarger informed defendant that it was sold by the roll and asked defendant what he planned to do with it. Defendant responded that he intended to "line [his] tool box with it." Ms. Winebarger told defendant that if he wanted carpet to line his tool box, "you just go right out back in my dumpster, there's carpet padding scraps right there. Help yourself." Defendant replied, "No, I want that." Ms. Winebarger then told defendant that the price would be "$90 plus tax." Defendant replied, "Okay. Well, I'll be back." Defendant then left the store.
Defendant came back to the store about fifteen to twenty minutes later. Defendant told Ms. Winebarger that he had "come to get the padding." Defendant wanted Winebarger to go in the back of the office and help him with the padding, but she refused. Ms. Winebarger told defendant to "bring it up front" and she would "write a ticket on it." Defendant eventually brought the padding up front and Winebarger wrote the ticket. After Ms. Winebarger wrote out the ticket, defendant handed Ms. Winebarger an envelope with two dollars in it. Ms. Winebarger started to tell defendant it was not enough money when he attacked her. Defendant was holding a knife, and he grabbed Ms. Winebarger by her hair and dragged her to the back of her office. Ms. Winebarger stated that she got away from defendant briefly, but he "grabbed me back and then he body slammed me to the concrete and my face kissed the concrete." Defendant dragged Ms. Winebarger to the bathroom and tried to tie her up with the cord from a phone charger. Ms. Winebarger broke the cord, and defendant grabbed a tarp to wrap Ms. Winebarger in it. Defendant started choking Winebarger, and she told him "Sir, what you need's up front. You need to let me show it to you." Defendant then grabbed Winebarger by her hair and ledher to the front of the store.
After returning to the front of the store, Ms. Winebarger showed defendant the money on her desk and told him to "[h]elp yourself." Defendant pulled open a middle drawer and asked Ms. Winebarger where she kept the rest of her money. At that point, Ms. Winebarger "took off running out the door," went to another business, and told them to call the police because she had been assaulted.
Defendant was convicted of robbery with a dangerous weapon and second degree kidnapping. The trial court sentenced defendant to a term of 117 to 150 months imprisonment for robbery, and a consecutive term of 46 to 65 months imprisonment for kidnapping. Defendant appeals.
Defendant first argues that there was insufficient evidence to sustain his conviction for second degree kidnapping. Specifically, defendant contends that the restraint or removal did not expose Ms. Winebarger to any greater danger than that inherent in the robbery. Defendant concedes that his trial counsel failed to preserve this issue for appeal by a motion to dismiss at the close of all the evidence, but asks that this Court consider his argument pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. Alternatively, defendant argues that counsel was ineffective for failing to renew the motion to dismiss at the close of the evidence. Defendant contends that "there is no legitimate strategic reason for failing to make a motion to dismiss in a criminal trial." Defendant asserts that "there [was] a reasonable probability that, but for the deficient performance, the result of . . . [defendant's] trial would have been different."
After careful review of the record, briefs, and contentions of the parties, we find no error. As conceded by defendant, his sufficiency of the evidence argument has not been preserved for appellate review because defendant failed to renew his motion to dismiss at the close of the evidence. "[A] defendant who fails to make a motion to dismiss at the close of all of the evidence may not attack on appl the sufficiency of the evidence at trial." State v. Spaugh, 321 N.C. 550, 552, 364 S.E.2d 368, 370 (1988). Therefore, the assignment of error is waived.
Nevertheless, we review defendant's argument to determine whether he received ineffective assistance of counsel. To successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test.State v. Braswell, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985).
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Id. (quoting Strickland v. Washington, 466 U.S. 668, 687, 80 L.Ed. 2d 674, 693 (1984))(emphasis in original). Here, we conclude that defendant has failed to show he was prejudiced by his trial counsel's failure to renew the motion to dismiss. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). When reviewing the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Patterson, 335 N.C. 436, 450, 439 S.E.2d 578, 585 (1994)(citing State v. Vause, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991)).
Defendant was convicted of second-degree kidnapping. To convict the defendant, "the State was required to prove . . . [that he] confined, restrained, or removed the victim[] from one place to another for the purpose of facilitating the commission of a felony." State v. Ripley, 360 N.C. 333, 340, 626 S.E.2d 289, 293 (2006)(citing N.C. Gen. Stat. § 14-39(a), (a)(2)).
Additionally, . . . in determining whether a defendant's asportation of a victim during the commission of a separate felony offense constitutes kidnapping, [the Court] must consider whether the asportation was an inherent part of the separate felony offense, that is, whether the movement was "a mere technical asportation." If the asportation is a separate act independent of the originally committed criminal act, a trial court must consider additional factors such as whether the asportation facilitated the defendant's ability to commit a felony offense, or whether the asportation exposed the victim to agreater degree of danger than that which is inherent in the concurrently committed felony offense. Id. at 340, 626 S.E.2d at 293-94.
In the case sub judice, defendant grabbed Winebarger by the hair, slammed her to the ground, tried to tie her up with a phone cord, attempted to wrap her up in a tarp and began to choke her. These actions are not inherent or inevitable in a robbery, see id. at 340, 626 S.E.2d at 293, and constituted restraint beyond what was necessary for the commission of robbery with a dangerous weapon. See State v. Muhammad, 146 N.C. App. 292, 295-96, 552 S.E.2d 236, 238 (2001)(finding restraint beyond what was necessary for robbery where "defendant placed [the victim] in a choke hold, hit [the victim] in the side three times, wrestled with [the victim] on the floor, grabbed [the victim] around the throat, pointed a gun at [the victim's] head and marched [the victim] to the front of the store.").
Moreover, defendant never evidenced any intent to rob Ms. Winebarger until well after he had restrained her. While defendant choked her, Ms. Winebarger offered to show him where she kept her money. Up until this point, there is no evidence in the record to support an inference that defendant ever intended to rob Winebarger. Thus, defendant's kidnapping of Winebarger was a separate and independent act, completed before he commenced with the robbery. See State v. Boyce, 361 N.C. 670, 675, 651 S.E.2d 879, 883 (2007) ("Defendant's kidnapping of the victim was a separate criminal transaction, complete before the second felony commenced[.]"); State v. Sturdivant, 304 N.C. 293, 307, 283 S.E.2d. 719, 729 (1981) ("Defendant's unlawful restraint of the victim inside her car was a separate, complete act, independent of and apart from his subsequent rape of her in the tobacco barn."). Therefore, because we conclude there was sufficient evidence to withstand the motion to dismiss, defendant has failed to demonstrate that he was prejudiced by his trial counsel's failure to renew the motion to dismiss. Accordingly, we overrule defendant's arguments.
Defendant lastly contends that he did not receive a fair sentencing hearing. At the sentencing hearing, the court made the following statement to defendant,
Well, well, Mr.  well, just say this, that I can't imagine anything more horrific for a woman to be in a business by herself and somebody come in and brandish a knife out to rob her take her in the back room try to tie her up, cover up with a tarp and all that sort of thing. Can't imagine what she was going through. Slam her to the floor. I don't know how she got away from him  just a miracle something bad, bad didn't happen.
And you know, caught within no time right in the area with his shirt off, sweating, with his Carolina blue puffy socks on just like she said.
Too much. Too much of this going on in this town robbing folks, just robbing all the time. Ain't got any patience with it.
Defendant contends that "the trial court's statements demonstrate that it imposed an arbitrary sentence on . . . [defendant] as a way to deter others from committing crimes and as a means to vindicate the seriousness of the crimes for which . . . [defendant] was convicted." We are not persuaded. Even though "[a] sentence within the statutory limit will be presumed regular and valid[,] . . . such a presumption is not conclusive." State v. Boone, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). "If the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence, the presumption of regularity is overcome, and the sentence is in violation of defendant's rights." Id. (citation omitted). Here, the trial court sentenced defendant within the presumptive range. Although the trial court did comment on the prevalence of robberies in the area, as well as the seriousness of the offense, there is no indication that the court considered deterrence or the seriousness of defendant's actions in determining his sentence. See State v. Chatman, 308 N.C. 169, 180, 301 S.E.2d 71, 78 (1983) (The trial court "erred in finding as factors in aggravation that the sentence was necessary to deter others, and that a lesser sentence would unduly depreciate the seriousness of the crime. These two factors fall within the exclusive realm of the legislature and were presumably considered in determining the presumptive sentence for this offense."); State v. McGuire, 78 N.C. App. 285, 295, 337 S.E.2d 620, 626 (1985) (Trial court erred in sentencing defendant by stating it was hoping to send a "message to other people who have to do this sort of thing that courts aren't going to treat this lightly."), superseded by statute on other grounds in State v. Wiggins, 161 N.C. App. 583, 593-94, 589 S.E.2d 402, 410 (2003). Thus, defendant has failed to overcome the presumption of regularity in his sentence. Accordingly, we find no error.
NO ERROR.
Chief Judge MARTIN and Judge CALABRIA.
Report per Rule 30(e).