STATE v. COY CHILDRESS, ARVIL JOHNSON, JAMES WALLER, COLIN DEVENA, R. D. HOLCOMB, JACK MULLINAX, JERRY PREVETTE, AND WILLIAM CHINNIS.

(Filed 13 April, 1966.)

**Criminal Law § 9;    Property § 4—**

Evidence identifying each defendant as a member of a group which acted in concert in breaking window panes at a prison camp and in damaging specified personal property in an amount greatly in excess of $10.00 is sufficient to be submitted to the jury on the question of each defendant's guilt as an aider and abettor, and justifies a sentence in excess of the limits prescribed by G.S. 14-127, notwithstanding damage committed by a single defendant may not have exceeded $10.00 in value, and notwithstanding that some of defendants were charged with malicious injury to real property while others were charged with malicious injury to personal property.

MOORE, J., not sitting.

APPEAL by defendants from *Armstrong, J.,* July 1965 Session ASHE Superior Court.

The defendants were charged in eight separate bills of indictment with malicious injury to property: the defendants Childress, Devena, Holcomb, and Prevette being charged with malicious injury to real property; to wit, 500 window panes; and the defendants Johnson, Waller, Mullinax and Chinnis being charged with malicious injury to personal property; to wit, an oil stove and a television set. The cases were consolidated for trial and all defendants were found "guilty as charged in the bill of indictment."

State's evidence tended to show that the eight defendants were prisoners at the Ashe County Prison Camp and that on July 20, 1964 about 4:30 p.m. a disturbance broke out among the inmates of the unit. The defendants Johnson and Holcomb fought with another inmate in the dining room of the camp and then went to the

dormitory area and began breaking out window panes. The other six defendants joined them and began doing the same. All of the defendants were observed by the prison guards breaking window panes. When the commotion had subsided, it was found that two television sets had been "torn up", three oil heaters damaged, five commodes damaged, "some" showers damaged and five hundred window panes broken out in the dormitory. The total damage was estimated at almost $1,000.00. At the close of State's evidence, each defendant moved for judgment as of nonsuit which was denied. The defendants offered no evidence and, upon conviction and sentence, each defendant appealed, assigning error.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*
*W. B. Austin, Robert E. Bencini, Jr., Joe D. Floyd, Paul Swanson, Wade E. Vannoy, Jr., by Joe D. Floyd for the defendants.*

PLESS, J. The jury accepted as true the evidence of the State to the effect that all eight of the defendants were present, engaging in acts which damaged the camp property, which permitted the finding that each was aiding and abetting the others in similar unlawful acts. In *S. v. Hobbs*, 216 N.C. 14, 3 S.E. 2d 431, this court upheld a charge to the effect that "if the defendant intentionally threw a brick at the prosecuting witness and struck and broke the windshield of the truck he was driving, although he may not have stricken the witness, the defendant was guilty of an assault with a deadly weapon, and further, that if the defendant was personally present aiding, abetting and encouraging another, who intentionally threw a brick at the prosecuting witness and broke the windshield of the truck he was driving, he was guilty of an assault with a deadly weapon." The import of this decision is that it makes no difference who commits the physical act of throwing the brick if two persons are present, each aiding and abetting the other in doing so and that rule would apply in this case. In *S. v. Holland*, 234 N.C. 354, 67 S.E. 2d 272 the court quoted the following from *S. v. Williams*, 225 N.C. 182, 33 S.E. 2d 880:

> " 'Though when the bystander is a friend of the perpetrator, and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as an encouragement, and in contemplation of law this was aiding and abetting.' "

In the next paragraph of that opinion the court said further:

"True, the evidence relied on here is largely circumstantial, but even so, such evidence is a recognized and accepted instrumentality in the ascertainment of truth. *S. v. Cash,* 219 N.C. 818, 15 S.E. 2d 277; *S. v. King,* 219 N.C. 667, 14 S.E. 2d 803."

The defense counsel challenges the judgments imposed under the provision of G.S. 14-127 which limits the punishment to a fine of $50.00 or imprisonment for thirty days unless the damage exceeds $10.00. While it is not shown that all of the defendants committed individual acts causing damage of more than $10.00, it is shown that each of them participated in damage to property which exceeded $900.00.

The entire charge is not included in the case on appeal, but in the defendants' brief it is shown that the trial judge in three places referred to the $10.00 provision and charged that unless the State had satisfied it beyond a reasonable doubt that the window panes were the value of $10.00 or more, etc., it should return a verdict of not guilty and similar reference was made as to all eight defendants.

The fact that four of the defendants were charged with malicious injury to real property; to wit, the window panes, etc., and the other four were charged with malicious injury to personal property; to wit, television sets, etc. would make no difference. The evidence amply supports the finding that all eight of the defendants were engaged in conduct of similar unlawful activities and the jury found each of them guilty as charged in the bill of indictment.

The evidence amply sustains the conviction of each of the defendants and in the trial we find

No error.

MOORE, J., not sitting.