STATE OF NORTH CAROLINA v. JOHN PAUL JEWELL

No. 9021SC788

(Filed 5 November 1991)

1. **Criminal Law § 301 (NCI4th)— accessory after fact of murder— aiding and abetting murder—joinable offenses**

    The offenses of accessory after the fact of a murder and aiding and abetting in the murder are joinable offenses for purposes of indictment and trial even though a defendant may not be convicted of both. N.C.G.S. § 15A-926(a).

    **Am Jur 2d, Indictments and Informations §§ 155, 157, 209, 213, 221.**

2. **Criminal Law § 1189 (NCI4th)— accessory to murder—aiding and abetting as aggravating circumstance**

    The trial court could properly aggravate defendant's sentence for accessory after the fact of murder by finding that defendant aided and abetted the murder where defendant was indicted on charges of first degree murder and accessory after the fact of murder but the murder charge was dismissed pursuant to a plea bargain in which defendant pled guilty to accessory after the fact, since N.C.G.S. § 15A-1340.4(a)(1)o does not prohibit a trial court from using as an aggravating circumstance evidence that defendant committed an act for which he was not convicted.

    **Am Jur 2d, Criminal Law §§ 527, 599; Homicide §§ 552, 554.**

3. **Criminal Law § 1226 (NCI4th)— mitigating circumstance— drug and alcohol use—condition reducing culpability—finding not required**

    The trial court did not err in failing to find as a statutory mitigating circumstance for accessory after the fact of murder that defendant's mental or physical condition significantly reduced his culpability for the offense where defendant's evidence showed that he had been consuming alcohol and drugs before the crime, but it also showed that he had a complete understanding of a plan to go out and "revenge" an alleged rape during which the murder occurred, defendant drove a car forty miles after the victim was shot, and when defendant felt his

STATE v. JEWELL

[104 N.C. App. 350 (1991)]

life was endangered by the perpetrator, he had the capacity to reason and to dispose of the gun used in the killing.

**Am Jur 2d, Criminal Law §§ 527, 599; Homicide §§ 552, 554.**

Judge WYNN concurs in part and dissents in part.

APPEAL by defendant from judgment entered 5 December 1989 by *Judge Howard R. Greeson, Jr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 19 March 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Bruce McKinney, for the State.*

*David F. Tamer for defendant-appellant.*

JOHNSON, Judge.

Defendant was indicted for first degree murder, first degree burglary, assault with a deadly weapon with intent to kill inflicting serious injury and accessory after the fact of a felony (murder). Pursuant to a plea arrangement, defendant pled guilty to attempted first degree burglary, for which he received the presumptive sentence, and accessory after the fact of murder. The trial court found as a non-statutory aggravating factor to the accessory charge that the defendant had aided and abetted the murder and sentenced defendant to the maximum allowable term for that offense.

The evidence as gleaned from the transcript of the sentencing hearing and from defendant's written statement to police shows that on the evening of 29 November 1981, defendant and two companions went to the residence of Joe Anderson. Anderson and his girlfriend, Regina Dedmon, were lying on the couch apparently passed out from intoxication. Anderson and Dedmon were awakened, and the group began drinking. In addition to consuming alcohol, defendant stated that he consumed LSD, marijuana, and possibly a quaalude, that day.

At some point, Anderson informed the group that Dedmon had been raped the previous day by two black men. Anderson then informed defendant that he wanted to go out and revenge the rape of Dedmon, and dared defendant to accompany him. Defendant replied, "Let's go goddamnit!"

Thereafter, defendant, Anderson, Dedmon and the other two men drove to East Winston-Salem in search of the alleged rapists.

Defendant carried a bat while Anderson carried a shotgun. Dedmon pointed to a house where she claimed the alleged rape occurred. With the exception of defendant, who chose to guard the front, the group went to the back door of the house where they attempted to pry the door open. An elderly woman opened the door.

After realizing that they had the wrong house, the group got back into the car and drove for about ten minutes at which time they encountered Donald Burns, who Dedmon said resembled one of her attackers. All five exited the car; Anderson and Dedmon advanced towards Burns and Dedmon began assaulting Burns. When Burns attempted to flee, Anderson shot him at point-blank range severely wounding him.

The group continued on their way until they encountered another black male, William Wright. Anderson, for no apparent reason, shot Wright in the chest fatally wounding him.

The five then returned to Anderson's residence. Shortly thereafter, Anderson, Dedmon, defendant, and an unidentified woman went to Yadkinville Park, approximately twenty miles from Winston-Salem. While at the park, Dedmon assaulted the unidentified woman with a knife. Anderson then asked defendant for a weapon, but the defendant refused to give him one. Defendant, Anderson, and Dedmon left the park, leaving the unidentified woman for dead.

Sometime later that evening, defendant and Anderson went riding, and defendant disposed of the shotgun used to shoot Burns and Wright by throwing it into the woods. The defendant subsequently left North Carolina, established residence in Florida, and was arrested there on 26 June 1989.

I.

By his first Assignment of Error, defendant contends that the trial court improperly aggravated his sentence on the accessory charge by finding that he aided and abetted the murder of William Wayne Wright. He argues that accessory after the fact and aiding and abetting are joinable offenses and therefore the latter cannot be used to aggravate a sentence for the former. We agree that the offenses are joinable but we disagree with defendant's ultimate conclusion.

[1] We approach this problem in two steps. First, we consider defendant's argument that the two offenses are joinable under G.S.

STATE v. JEWELL

[104 N.C. App. 350 (1991)]

§ 15A-926(a). Then, we consider defendant's conclusion that because these are joinable offenses, the finding that defendant aided and abetted the murder cannot be used to aggravate his sentence on the accessory charge.

First, we note that in the context of joinder, the term "offense" means "indictment," even though the term is often used more generally to refer to the act or acts done by defendant which constitute a crime. *State v. Furr*, 292 N.C. 711, 235 S.E.2d 193, *cert. denied*, 434 U.S. 924, 54 L.Ed.2d 281 (1977); *State v. Jones*, 47 N.C. App. 554, 558, 268 S.E.2d 6, 9 (1980). Joinable offenses are defined in G.S. § 15A-926(a), which provides:

> Joinder of Offenses.—Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

The acts of defendant which gave rise to the indictments on charges of first degree murder and accessory after the fact of murder arose from a "series of acts or transactions connected together or constituting parts of a single scheme or plan." The offenses for which defendant was indicted thus fit the definition of joinable offenses under the statute.

The State argues nevertheless that accessory after the fact and aiding and abetting are not joinable because they are two separate and distinct offenses and are mutually exclusive.

We agree that the two offenses are mutually exclusive but find that this is not determinative. We note first that an aider and abettor is treated as a principal. *State v. Barnette*, 304 N.C. 447, 284 S.E.2d 298 (1981); *State v. Spears*, 268 N.C. 303, 150 S.E.2d 499 (1966); *State v. Pryor*, 59 N.C. App. 1, 295 S.E.2d 610 (1982). Thus, in the context of mutually exclusive offenses, being an aider and abettor to a crime is equivalent to being the principal to a crime. Being the principal to a crime and being an accessory after the fact to that crime are two separate and distinct offenses. *State v. McIntosh*, 260 N.C. 749, 133 S.E.2d 652 (1963), *cert. denied*, 377 U.S. 939, 12 L.Ed.2d 302 (1964) (robbery and accessory after the fact of armed robbery are two distinct substantive crimes; a participant in a felony may not also be an accessory after the fact). However, where the offenses for which defendant is indicted and

tried arise out of the same act or transactions, it is not a bar to joinder that they are mutually exclusive. *State v. Speckman*, 326 N.C. 576, 391 S.E.2d 165 (1990); *State v. Upright*, 72 N.C. App. 94, 323 S.E.2d 479 (1984), *cert. denied*, 313 N.C. 610, 332 S.E.2d 82 (1985) (second degree murder and accessory after the fact: where defendant is charged in separate bills of indictment with mutually exclusive offenses growing out of the same transactions or occurrences, the State may proceed to trial on either indictment without dismissing the other); *contra State v. Cox*, 37 N.C. App. 356, 246 S.E.2d 152, *review denied*, 295 N.C. 649, 248 S.E.2d 253 (1978), *cert. denied*, 440 U.S. 930, 59 L.Ed.2d 487 (1979) (stating in *dictum* that armed robbery and accessory after the fact to armed robbery are mutually exclusive offenses and are not joinable for trial). The fact that aiding and abetting and accessory after the fact are mutually exclusive offenses means only that defendant cannot be convicted of both. *Speckman*, 326 N.C. 576, 391 S.E.2d 165 (embezzlement and false pretenses are mutually exclusive offenses; defendant can be indicted and tried on both but cannot be convicted of both when they are based upon a single transaction).

We thus conclude that the offenses of accessory after the fact of a felony and being an aider and abettor to that felony are joinable offenses for purposes of indictment and trial, even though a defendant cannot be convicted of both.

[2]   We now consider the second part of defendant's argument; namely, that a finding that defendant aided and abetted the murder, a joinable offense, cannot be used to aggravate his sentence on the accessory charge. We emphasize for purposes of clarity that in the case *sub judice* defendant was *indicted* on charges of first degree murder and accessory after the fact of murder but that the first degree murder charge was *dismissed* pursuant to a plea bargain in which defendant *pled guilty* to accessory after the fact. Thus defendant's argument that a joinable offense cannot be used in aggravation is relevant only if the rules regarding aggravation apply to a joinable offense for which defendant was indicted but which was later dismissed pursuant to a plea bargain agreement.

Defendant argues that under G.S. § 15A-1340.4(a)(1)o the fact that defendant committed a joinable offense cannot be used as an aggravating factor. He cites as authority *State v. Westmoreland*, 314 N.C. 442, 334 S.E.2d 223 (1985) and *State v. Lattimore*, 310 N.C. 295, 311 S.E.2d 876 (1984). He further directs us to *State*

*v. McGuire*, 78 N.C. App. 285, 337 S.E.2d 620 (1985), for the proposition that it is error to aggravate a sentence upon finding that the defendant committed an act which constitutes an offense for which he was neither indicted nor tried. We find that *Lattimore* and the cases flowing from it supply the proper resolution for this case and that *McGuire* is not supported by the weight of authority. Hence we decline to follow *McGuire*.

General Statutes § 15A-1340.4(a)(1)o requires a sentencing judge to consider in aggravation evidence that "the defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement" but prohibits such consideration if the prior conviction(s) includes "any crime that is joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." The *Lattimore* Court construed G.S. § 15A-1340.4(a)(1)o to encompass as well a prohibition against aggravating a sentence with a finding that the defendant *committed* a joined offense. In *Lattimore* the defendant pled guilty to attempted armed robbery and second degree murder. The trial judge enhanced the sentence on the robbery conviction by finding the non-statutory aggravating factor that the victim of the armed robbery was killed. He enhanced the sentence on the murder conviction by finding as an aggravating factor that the murder was committed during the course of the attempted armed robbery. The Court found error as to both enhancements and stated:

> G.S. § 15A-1340.4(a)(1)(o) specifically prohibits, as an aggravating factor, the use of convictions for offenses "joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." To permit the trial judge to find as a non-statutory aggravating factor that the defendant *committed* the joinable offense would virtually eviscerate the purpose and policy of the statutory prohibition (original emphasis).

*Lattimore*, 310 N.C. at 299, 311 S.E.2d at 879. It is important to note, and defendant fails to acknowledge, that the Court in *Lattimore* was referring to joinable offenses *for which the defendant had been convicted. Accord Westmoreland*, 314 N.C. at 449, 334 S.E.2d at 227-28 (applying the *Lattimore* rule that a sentence may not be enhanced by finding in aggravation that the defendant *committed* a joined offense for which he was convicted and further, explicitly holding that a conviction for an offense covered by the

STATE v. JEWELL

[104 N.C. App. 350 (1991)]

Fair Sentencing Act may not be aggravated by *contemporaneous* convictions of offenses joined with such offense). *See also State v. Knox*, 78 N.C. App. 493, 337 S.E.2d 154 (1985) (trial court erred in aggravating sentence for robbery by finding that defendant threw acid before fleeing when defendant was also convicted of malicious throwing of acid, a joined offense); *State v. Winnex*, 66 N.C. App. 280, 311 S.E.2d 594 (1984) (error to aggravate sentences by finding that defendant engaged in a "pattern of violent conduct" when trial court must have based this factor on defendant's convictions of joined offenses).

Defendant argues that *McGuire*, 78 N.C. App. 285, 337 S.E.2d 620, requires that we find error in the case before us. In *McGuire* the defendant pled guilty to two counts of attempted first degree sexual offense. The trial court found as a non-statutory aggravating factor that "prior to this offense [defendant] committed an act in February for which [he] could have been charged and was not charged." 78 N.C. App. at 288, 337 S.E.2d at 622. The trial court used this finding to enhance defendant's sentence and this Court found error, holding that a defendant's sentence may not be aggravated on the basis of evidence of a joinable offense with which defendant has not been charged. *Id.* at 292, 337 S.E.2d at 625. The *McGuire* decision was based in part on *State v. Puckett*, 66 N.C. App. 600, 312 S.E.2d 207 (1984). In *Puckett* this Court held that it was error to aggravate an assault conviction by finding that the offense was committed by "lying in wait," where "lying in wait" is an element of the separate but joinable offense of maliciously assaulting in a secret manner, G.S. § 14-31, an offense with which defendant was not charged, much less convicted. The *Puckett* and *McGuire* decisions stand for the proposition that a sentence may not be aggravated by the use of evidence of an *element of a joinable offense* with which defendant has not been charged (*Puckett*) or by evidence of a *joinable offense* with which defendant has not been charged (*McGuire*). Both *Puckett* and *McGuire* reach far beyond the holding in *Lattimore*. *See also State v. Cofield*, 77 N.C. App. 699, 336 S.E.2d 439 (1985), *rev'd on other grounds*, 320 N.C. 297, 357 S.E.2d 622 (1987) (following *Puckett* without discussion). The *McGuire* and *Puckett* Courts failed to recognize that G.S. § 15A-1340.4(a)(1)o as interpreted by *Lattimore* and later cases only prohibits a sentencing judge from aggravating a sentence on the basis that defendant committed an act—*when that act constitutes a joinable offense for which he has also been convicted.*

*Lattimore* does not prohibit a trial court from using as an aggravating circumstance evidence that defendant committed an act for which he was *not convicted*.

Our analysis is supported by the weight of authority. In *State v. Abee*, 308 N.C. 379, 302 S.E.2d 230 (1983), the defendant was indicted on two counts of first degree sexual offense and one count of kidnapping. He pled guilty to one count of second degree sexual offense and all other charges were dismissed. The trial court aggravated his sentence on the finding that there were repeated acts of fellatio and inserting of his finger into the victim's rectum. The Supreme Court found no error and held that since it was only necessary to prove one act of fellatio to prove the offense, the other acts were properly considered as aggravating circumstances. In *State v. Green*, 62 N.C. App. 1, 301 S.E.2d 920, *modified and aff'd*, 309 N.C. 623, 308 S.E.2d 326 (1983), defendant was tried for second degree murder and convicted of manslaughter. The trial court found in aggravation that he had concealed the murder weapon. This Court found no error even though the concealment was evidence that he committed a separate criminal offense of carrying a concealed weapon. In *State v. Mann*, 317 N.C. 164, 345 S.E.2d 365 (1986), defendant was convicted of solicitation to commit common law robbery and acquitted of one count of solicitation and one count of conspiracy. The trial court dismissed charges of murder, burglary, breaking and entering and armed robbery. Defendant's sentence on the soliciting conviction was enhanced by the finding that "defendant set a course of criminal conduct in motion by his own actions which ultimately resulted in [several crimes.]" The Supreme Court found no error and in its discussion noted that

> *Lattimore* is inapposite because that case involved the aggravation of the defendant's sentence based on a joinable offense for which the defendant had been *convicted*. Here the court properly considered evidence in support of an aggravating circumstance which supported crimes of which defendant was charged and tried but which were dismissed. (Original emphasis.)

*Id.* at 177, 345 S.E.2d at 373 (citing *Abee*). In *State v. Hayes*, 323 N.C. 306, 372 S.E.2d 704 (1988), defendant was convicted of breaking or entering and larceny and several other crimes. The evidence at trial showed that defendant and his companions engaged in drinking and fighting and that they armed themselves during the course of the evening in which they committed several

offenses for which they were convicted. The Court found no error in the trial court's finding the non-statutory aggravating factor that the defendant "engaged in a pattern of conduct causing serious danger to society." The Court went on to state:

> Under the rules set forth in *Westmoreland* and *Lattimore*, a conviction for which defendant is being sentenced may not be aggravated by defendant's acts which form the gravamen of *contemporaneous convictions of joined offenses*. However, evidence of acts unrelated to the *joined convictions* may properly be considered. (Emphasis added.)

*Id.* at 315, 372 S.E.2d at 709. *See also State v. Avery*, 315 N.C. 1, 337 S.E.2d 786 (1985).

These cases reaffirm and explain the *Lattimore* and *Westmoreland* rule that the prohibition against using a prior or contemporaneous conviction of a joined offense also prohibits a trial court from using the fact that defendant committed the joined offense which resulted in a conviction. These cases, however, clearly do not prohibit the trial court from using in aggravation evidence showing that the defendant committed a related bad act where the act did not result in an indictment. Nor do they prohibit the use of a joined offense which was dismissed and did not result in a conviction. *See also State v. Josey*, 328 N.C. 697, 403 S.E.2d 479 (1991) (proper to aggravate sentence on plea to possession of stolen property by finding that defendant seriously injured the victim by her conduct of either aiding and abetting or acting in concert with another in robbery and assault upon the victim).

On the basis of the above authority we find that the trial judge in the case *sub judice* did not err in finding as an aggravating circumstance that defendant aided and abetted the murder of William Wright.

Finally, we are cognizant of the difficulty posed by the fact that defendant could not have been *convicted* of being an aider and abettor to a murder and of being an accessory after the fact to that murder. We find that this difficulty is more apparent than real. "The mere fact that a guilty plea has been accepted pursuant to a plea bargain does not preclude the sentencing court from reviewing all of the circumstances surrounding the admitted offense in determining the presence of aggravating or mitigating factors." *State v. Melton*, 307 N.C. 370, 377, 298 S.E.2d 673, 678 (1983).

STATE v. JEWELL

[104 N.C. App. 350 (1991)]

While the trial judge is prohibited from considering factors in aggravation which constitute essential elements of the admitted offense, he is required to consider all circumstances which are transactionally related to the admitted offense and which are related to the purposes of sentencing. *Id.* These circumstances can include facts concerning a dismissed charge as well as the admitted offense. *Id.* Any circumstance used to aggravate a sentence must be proved by a preponderance of the evidence. *State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988).

We find from our review of the record that the trial court's finding in aggravation is proved by a preponderance of the evidence. It is equally clear that this finding is related to the purposes of sentencing. G.S. § 15A-1340.3 ("The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability[.]"). The fact that defendant cannot be convicted of both offenses does not mean that when he pleads guilty to the accessory charge, his sentence cannot be enhanced by evidence, properly proved, that he aided and abetted the commission of the principal offense.

In summary, we hold that when a defendant pleads guilty to being an accessory after the fact of a crime, should the trial court find by a preponderance of the evidence that the defendant aided and abetted in the commission of that crime, it may use this factor in aggravation of defendant's sentence on the accessory charge.

II.

[3] Defendant next contends that the trial court erred in failing to find as a statutory mitigating factor that the defendant was suffering from a mental or physical condition that was insufficient to constitute a defense, but which significantly reduced his culpability for the offense. G.S. § 15A-1340.4(a)(2)d. We disagree.

Defendant has the burden of proving by a preponderance of the evidence that a mitigating factor exists. *Canty*, 321 N.C. 520, 364 S.E.2d 410. If the court finds that defendant's evidence is uncontroverted, substantial, and manifestly credible, then it must find the mitigating factor. *State v. Holden*, 321 N.C. 689, 365 S.E.2d 626 (1988). Evidence that a mental or physical condition exists, without more, does not mandate consideration as a mitigating fac-

tor. *State v. Grier*, 70 N.C. App. 40, 318 S.E.2d 889, *cert. denied*, 318 N.C. 698, 350 S.E.2d 860 (1986).

Although intoxication is not expressly enumerated as a mitigating factor under subdivision (a)(2), it may be considered in mitigation under paragraph (a)(2)d. *State v. Barranco*, 73 N.C. App. 502, 326 S.E.2d 903, *cert. denied*, 314 N.C. 118, 332 S.E.2d 484 (1985). This Court has found that a mitigating factor exists when there is a material impairment of mental or physical faculties, or both, induced by excessive consumption of alcohol. *Id.* at 511, 326 S.E.2d at 909. However, mere existence of alcohol, without more, does not mandate its consideration as a mitigating factor. *State v. Bush*, 78 N.C. App. 686, 338 S.E.2d 590 (1986).

While drug use is also not an enumerated mitigating factor, the Supreme Court has found that drug use can be considered in mitigation of an offense. *State v. Barts*, 321 N.C. 170, 362 S.E.2d 235 (1987).

Defendant argues that at the time he participated in the events in question he was strongly under the influence of alcohol and drugs. However, when he talked to Officers Spoon and Blevins in June 1989, he was able to recall, in great detail, the chain of events as they occurred on that night eight years before. His statement is evidence that he cooperated with Anderson and the other parties involved in the events at issue. When Anderson told him that he planned to go out and "revenge" the alleged rape of Dedmon, defendant responded, "Let's go goddamnit." Defendant also states that he carried a baseball bat. Defendant was competent enough to cooperate with the others involved and to manifest a willingness to partake in the planned revenge.

Further, after the shootings occurred, defendant drove Anderson's car a total of forty miles to and from Yadkinville, N.C., and when he felt that his life was endangered by an irate Anderson, defendant had the capacity to reason and to dispose of the gun.

Based on the evidence before the court, defendant merely established that he had been consuming alcohol and drugs. Defendant's evidence shows that he had a complete understanding of the plan to go out and "revenge" the alleged rape. We find that defendant's evidence was neither uncontroverted, substantial, nor manifestly credible. Defendant fails to establish by a preponderance

STATE v. JEWELL

[104 N.C. App. 350 (1991)]

of the evidence that his alcohol and drug consumption constituted a material impairment to his mental or physical faculties.

Accordingly, we hold that the trial judge did not err in failing to find the statutory mitigating factor that the defendant was suffering from a mental or physical condition which significantly reduced his culpability for the offense.

No error.

Judge ARNOLD concurs.

Judge WYNN concurs in part and dissents in part.

Judge WYNN dissenting and concurring in part.

The defendant in this case contends that accessory after the fact of murder and aiding and abetting murder are joinable offenses and that, as such, one cannot be used to aggravate the sentence of another. For the reasons which follow, I would hold, contrary to the majority, that the defendant is entitled to a new sentencing hearing.

From the outset, it is noted that the offense of aiding and abetting is treated as the principal offense. See, e.g., State v. Polk, 309 N.C. 559, 308 S.E.2d 296 (1983); State v. Walden, 306 N.C. 466, 293 S.E.2d 780 (1982); State v. Furr, 292 N.C. 711, 235 S.E.2d 193 (1977); State v. Dawson, 272 N.C. 535, 159 S.E.2d 1 (1968); State v. Childress, 267 N.C. 85, 147 S.E.2d 595 (1966). In light of this statement, it is also instructive to note the holding of the North Carolina Supreme Court in State v. McIntosh, 260 N.C. 749, 133 S.E.2d 652 (1963), cert. denied, 377 U.S. 939, 12 L.Ed.2d 302 (1964), wherein the Court stated that accessory after the fact to a felony is a separate and distinct crime from the principal felonious act. Most significantly, the Court stated that:

> A participant in a felony may no more be an accessory after the fact that one who commits larceny may be guilty of receiving the goods which he himself had stolen. The crime of accessory after the fact has its beginning after the principal offense has been committed. How may an accessory after the fact render assistance to the principal felon if he himself is the principal felon?

Id. at 753, 133 S.E.2d at 655.

It stands to reason that since a principal felon cannot be an accessory after the fact to himself, he also cannot aggravate his own crime by being an accessory after the fact to himself. It follows that since an aider and abettor to a felony is treated the same as the principal that committed the felony offense, he too cannot be an accessory after the fact to that same offense.

It was improper to aggravate defendant's conviction as an accessory after the fact by finding as a factor in aggravation that he was also an aider and abettor to that offense. Defendant should be given a new sentencing hearing on this issue.