STATE OF NORTH CAROLINA v. JIHAD RASHID MELVIN

No. COA09-62

(Filed 1 September 2009)

**1. Homicide— first-degree murder—instruction—mutually exclusive offenses—accessory after the fact**

   The trial court committed plain error in a first-degree murder case by failing to instruct the jury that it could only convict defendant of first-degree murder or accessory after the fact to first-degree murder, but not both.

**2. Homicide— first-degree murder—mutually exclusive offenses—new trial**

   Defendant is entitled to a new trial in a first-degree murder case where defendant was convicted of two mutually exclusive crimes that carried substantially different penalties and collateral consequences. The Court of Appeals cannot substitute its judgment for that of the jury and hold that the trial court should have arrested judgment on the murder conviction when the jury should be properly charged with determining which of the mutually exclusive crimes was committed by defendant.

Appeal by defendant from judgment entered 4 August 2008 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 10 June 2009.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Norma S. Harrell, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

HUNTER, Robert C., Judge.

On or about 21 March 2007, Almario Millander ("Millander") was fatally shot with a handgun in a trailer belonging to Kenneth Adams ("Adams") in Onslow County, North Carolina. On 10 July 2007 Jihad Rashid Melvin ("defendant") was indicted on charges of first degree murder and accessory after the fact to first degree murder in connection with Millander's murder. Defendant was convicted by a jury of both charges on 4 August 2008. The court arrested judgment of the accessory after the fact conviction, entered judgment of the first

degree murder conviction, and sentenced defendant to life imprison-
ment without parole. Defendant now appeals. After careful review,
we vacate the judgment and order a new trial.

## Background

The State's evidence at trial tended to show that on 21 March
2007, Robert Ridges ("Ridges") sold cocaine to Millander. Tony Cole
("Cole") and defendant were present during the transaction. Soon
after the sale, Ridges, Cole, and defendant were inside a vehicle pre-
paring to drive away when Millander approached the car with a
sawed off shotgun claiming that Ridges had sold him counterfeit
cocaine. The three men drove away without any violence occurring at
that time. According to Cole, Ridges stated that "[h]e was going to get
[Millander]." The three men then went to the home of "Dee Dee"
where they smoked marijuana for an unspecified amount of time. At
some point during their visit at Dee Dee's, Ridges procured a handgun
outside of the presence of Cole and defendant.

Ridges, Cole, and defendant then went to "Collins' Estates Mobile
Home Park" in search of Millander. Once at the mobile home park,
the men encountered Adams who informed them that Millander was
in his trailer. Ridges entered Adams's trailer through the back door
alone while Cole and defendant waited outside. Ridges then began
shooting at Millander. Defendant and Cole ran to the car they had
arrived in and waited for Ridges who subsequently emerged from
the trailer. Defendant then drove the three men away from the
scene. Adams told police that Ridges had been the sole shooter and
that he did not see defendant enter the trailer at any time. Millander
was shot once in the lower right leg and once in the chest, which was
the cause of death.

The evidence also tended to show that after Ridges, Cole, and
defendant left Adams's trailer, they went to a gas station. Cole and
Ridges went into the gas station to make their purchases while
defendant waited in the car. While in the gas station, Ridges spoke
with an unidentified person. After leaving the gas station, the men
were enroute to a friend's house when a law enforcement of-
ficer attempted to pull them over for a routine traffic stop. After
pulling the car onto the side of the road, Ridges, Cole, and defendant
exited the car and ran into the nearby woods. Once the officer left
the area, the men emerged from the woods, wiped down the car to
remove fingerprints, and attempted to set it on fire. Ridges, Cole,
and defendant were picked up by another person, and as they were

driven down the highway, they disposed of the handgun used to kill Millander. Portions of this weapon were recovered during the murder investigation and the gun was identified as the one used to shoot Millander.

At trial, Elijah Ridges ("Elijah"), the brother of Robert Ridges, testified that on 23 March 2007, he drove his brother and another person to Fayetteville, North Carolina. At trial, he claimed that he could not identify defendant as the other person he transported, but said that defendant had the same body type as that individual. However, Elijah previously told law enforcement that defendant was the other person he drove to Fayetteville. Defendant was later apprehended in Onslow County.

## Analysis

[1] Defendant first argues that the trial court erred in failing to instruct the jury that it could only convict defendant of first degree murder or accessory after the fact to first degree murder, but not both.

While defendant requested that the offenses be severed at a pretrial conference in July 2008, defendant did not request a jury instruction at that time regarding the jury's ability to convict defendant of both charges, nor did he request such an instruction at trial. At trial, defendant made no objections to the proffered jury instructions. Accordingly, defendant has not properly preserved this assignment of error. N.C. R. App. P. 10(b)(2). However, defendant has requested plain error review.

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental error,* something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill,* 676 F.2d 995, 1002 (4th Cir. 1982)).

Defendant was charged with first degree murder based on the theories of acting in concert and aiding and abetting, and being an accessory after the fact to first . degree murder. "The elements required for conviction of first-degree murder are (1) the unlawful killing of another human being, (2) with malice, and (3) with premeditation and deliberation." *State v. Lawson*, 194 N.C. App. 267, 279, 669 S.E.2d 768, 776 (2008), *disc. review denied*, 363 N.C. 378, —— S.E.2d —— (2009). "The acting in concert doctrine allows a defendant acting with another person for a common purpose of committing some crime to be held guilty of a murder committed in the pursuit of that common plan even though the defendant did not personally commit the murder." *State v. Roache*, 358 N.C. 243, 306, 595 S.E.2d 381, 421 (2004). "'The distinction between [a defendant being found guilty of] aiding and abetting and acting in concert . . . is of little significance. Both are equally guilty.' " *State v. Bonnett*, 348 N.C. 417, 440, 502 S.E.2d 563, 578 (1998) (quoting *State v. Williams*, 299 N.C. 652, 656, 263 S.E.2d 774, 777 (1980)), *cert. denied*, 525 U.S. 1124, 142 L. Ed. 2d 907 (1999). "An accessory after the fact is one who, knowing that a felony has been committed by another, receives, relieves, comforts or assists such felon, or who in any manner aids him to escape arrest or punishment." *State v. Oliver*, 302 N.C. 28, 55, 274 S.E.2d 183, 200 (1981).

Though defendant does not argue that the jury should not have been presented both charges, we will nonetheless discuss this matter as it directly relates to the instruction issue. In the case of *State v. Jewell*, 104 N.C. App. 350, 409 S.E.2d 757 (1991), *aff'd per curium*, 331 N.C. 379, 416 S.E.2d 3 (1992), the defendant pled guilty to being an accessory after the fact to murder and the trial court found as an aggravating factor that the defendant aided and abetted the murder, a charge which was dismissed pursuant to his plea arrangement. *Id.* at 351, 409 S.E.2d at 758. The defendant claimed on appeal "that accessory after the fact and aiding and abetting are joinable offenses and therefore the latter cannot be used to aggravate a sentence for the former." *Id.* at 352, 409 S.E.2d at 759. The State argued "that accessory after the fact and aiding and abetting [murder] are not joinable [offenses for trial] because they are two separate and distinct offenses and are mutually exclusive." *Id.* at 353, 409 S.E.2d at 759. The Court in *Jewell* stated:

> We agree that the two offenses are mutually exclusive but find that this is not determinative. We note first that an aider and abettor is treated as a principal. Thus, in the context of mutually

exclusive offenses, being an aider and abettor to a crime is equivalent to being the principal to a crime. Being the principal to a crime and being an accessory after the fact to that crime are two separate and distinct offenses. However, where the offenses for which defendant is indicted and tried arise out of the same transactions, it is not a bar to joinder that they are mutually exclusive. The fact that aiding and abetting and accessory after the fact are mutually exclusive offenses means only that defendant cannot be convicted of both.

We thus conclude that the offenses of accessory after the fact of a felony and being an aider and abettor to that felony are joinable offenses for purposes of indictment and trial, even though a defendant cannot be convicted of both.

*Id.* at 353-54, 409 S.E.2d at 759-60 (citations omitted).

The Court further stated that "[t]he acts of defendant which gave rise to the indictments on charges of first degree murder and accessory after the fact of murder arose from a 'series of acts or transactions connected together or constituting parts of a single scheme or plan.' " *Id.* at 353, 409 S.E.2d at 759 (quotation omitted).

The Court in *Jewell* held that the trial court could aggravate the defendant's sentence if it found "by a preponderance of the evidence that the defendant aided and abetted in the commission of that crime . . . ." *Id.* at 359, 409 S.E.2d at 763. Nevertheless, *Jewell* clearly states that a defendant may be tried for aiding and abetting murder *and* being an accessory after the fact to that murder, but the defendant cannot be convicted of both crimes because they are mutually exclusive and arise out of the same transaction. *Id.* at 353-54, 409 S.E.2d at 759-60; *see also State v. McIntosh*, 260 N.C. 749, 753, 133 S.E.2d 652, 655 (1963) (holding that a participant in a felony cannot be an accessory after the fact to that felony); *State v. Keller*, 198 N.C. App. ——, ——, —— S.E.2d ——, —— (2009) (holding that "[t]he trial court . . . erred in accepting defendant's guilty plea to both second degree murder and accessory after the fact to first degree murder" because the offenses are mutually exclusive); *State v. Johnson*, 136 N.C. App. 683, 695, 525 S.E.2d 830, 837 (2000) ("A defendant charged and tried as a principal may not be convicted of the crime of accessory after the fact.").

Accordingly, the trial court in the present case properly allowed both charges to go to the jury. However, the crux of this case is

whether the trial court was *required* to instruct the jury that defendant could only be convicted of the principal felony of first degree murder *or* of being an accessory after the fact to first degree murder. The State contends that the trial court is not required to give such an instruction; rather, the court is required to arrest judgment on the accessory after the fact conviction if the defendant is convicted of both crimes, which is the action the court took in this case. *Jewell* did not address this specific issue. In *Jewell*, the defendant pled guilty to being an accessory after the fact to murder and the murder charge was dismissed; therefore, a jury trial never occurred. *Id.* at 351, 409 S.E.2d at 758.

A year prior to this Court's decision in *Jewell*, our Supreme Court determined when an instruction, such as the one at issue in this case, must be given. In *State v. Speckman*, 326 N.C. 576, 391 S.E.2d 165 (1990):

> The jury found the defendant guilty of both embezzlement and false pretenses. On appeal, the Court of Appeals concluded that the crimes of embezzlement and false pretenses are, by definition, mutually exclusive offenses and, therefore, that the trial court had erred in denying the defendant's motion at trial to require the State to elect to try him for one offense or the other, but not for both offenses. The Court of Appeals held, however, that the trial court's consolidation of the two offenses in a single judgment prevented any prejudice to the defendant.

*Id.* at 578, 391 S.E.2d at 166. The Supreme Court overturned the Court of Appeals and held:

> [A]s to [the] embezzlement and false pretenses charges, the legislature intended to give full effect to our original common law rule against requiring the State to elect between charges, *if the felonies charged allegedly arose from the same transaction.* Where, as here, there is substantial evidence tending to support both embezzlement and false pretenses arising from the same transaction, the State is not required to elect between the offenses. Indeed, if the evidence at trial conflicts, and some of it tends to show false pretenses but other evidence tends to show that the same transaction amounted to embezzlement, the trial court should submit both charges for the jury's consideration. *In doing so, however, the trial court must instruct the jury that it may convict the defendant only of one of the offenses or the other, but not of both.*

*Id.* at 579, 391 S.E.2d at 167 (internal citation omitted) (emphasis added). *Speckman* further found the trial court's error to be prejudicial, stating:

> The separate convictions for mutually exclusive offenses, even though consolidated for a single judgment, have potentially severe adverse collateral consequences. Therefore, consolidating the two convictions and entering a single judgment did not reduce the trial court's error to harmless error. . . .
>
> Further, given the peculiar posture in which this case comes before us, we conclude that there is a "reasonable possibility" that a different result would have been reached at trial as to both charges, *had the trial court correctly instructed the jury that it could convict the defendant only of one offense or the other, but not of both.* Therefore, the defendant is entitled to a new trial on both charges.

*Id.* at 580, 391 S.E.2d at 168 (internal citations omitted) (emphasis added).

In sum, *Jewell* made it clear that murder and accessory after the fact to murder are mutually exclusive offenses that arise out of the same transaction, and defendant may only be convicted of one or the other, but did not specifically address the jury instruction issue. *Jewell*, 104 N.C. App. at 353-54, 409 S.E.2d at 759-60. However, our Supreme Court in *Speckman* held that if two offenses are mutually exclusive and arise out of the same transaction, both offenses may be submitted to the jury, but the trial court "must instruct the jury that it may convict the defendant only of one of the offenses or the other, but not of both." *Speckman*, 326 N.C. at 579, 391 S.E.2d at 167.

Based on the holdings of *Jewell* and *Speckman*, we hold that the trial court in this case properly allowed the jury to consider both charges, but the court was required to instruct the jury that it could only convict defendant of one of the charges, either first degree murder or accessory after the fact to first degree murder.

Though we have found that the trial court erred in failing to give the instruction, the standard of review on this issue is plain error. While none of the applicable cases specifically involve plain error review, in *State v. Hames*, 170 N.C. App. 312, 612 S.E.2d 408, *disc. review denied*, 360 N.C. 70, 622 S.E.2d 496 (2005), the defendant did not preserve the jury instruction issue for appellate review and this Court utilized Rule 2 to reach the merits. *Id.* at 320-21, 612 S.E.2d at

413-14. There, the defendant was convicted of attempted voluntary manslaughter and assault with a deadly weapon inflicting serious injury upon the same person, and judgment was entered on both convictions. *Id.* at 313, 612 S.E.2d at 409. The defendant argued that the trial court should have arrested judgment on one of the convictions because they are mutually exclusive crimes. *Id.* at 320, 612 S.E.2d at 413. This Court agreed with the defendant in part, holding the two crimes to be mutually exclusive, but determined that the correct remedy was a new trial, not arrest of judgment. *Id.* at 323, 612 S.E.2d at 415. The Court cited *Speckman's* requirement that the jury be instructed that it may only convict the defendant of one of the mutually exclusive crimes. *Id.* at 322, 612 S.E.2d at 414. As in *Hames,* the issue before us has not been preserved; however, we hold that the failure of the trial court to give the necessary instruction amounts to plain error since we find that "'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'" *Odom,* 307 N.C. at 660, 300 S.E.2d at 378 (quoting *McCaskill,* 676 F.2d at 1002).

We further hold that the error was not cured by the trial court's decision to arrest judgment on the accessory after the fact conviction. If properly instructed, the jury might have determined that defendant was guilty of accessory after the fact to murder and not guilty of the murder itself. We decline to substitute our judgment for that of the jury.

The State nevertheless argues that defense counsel invited the trial court's error. "[A] defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review." *State v. Barber,* 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001), *cert. denied,* 355 N.C. 216, 560 S.E.2d 141 (2002); N.C. Gen. Stat. § 15A-1443(c) (2007).

At a pretrial conference in this matter, the following dialogue took place:

THE COURT: So if—is the jury instructed they can only—if they were to find the defendant guilty of first-degree murder, they would not consider accessory after the fact, or do you allow them both to go and then the court arrests one judgment, as opposed to the other?

[PROSECUTION]: It would be my position that both would go to the jury and, if the jury were to find the defendant guilty of both,

the court would arrest judgment, just like you do with possession of stolen property and larceny. That would be my position, Judge.

THE COURT: If we have a jury verdict to impose, if the first-degree murder case were to be—

[PROSECUTION]: Reversed on appeal, that's right Judge.

THE COURT: And if you chose not to pursue it. Mr. Paramore, your response?

[DEFENSE COUNSEL]: Judge I've read . . . [*State v. Jewell*] and, as an officer of the court—in the other court, as a prosecutor in 1985, I did exactly the same thing. I tried both. Both verdicts were allowed . . . to go to the jury, and the jury returned verdicts, and [the judge] arrested the verdict on one case, the accessory after. So that would—I can't, in good faith, argue that that's not the law in North Carolina.

The State claims that defense counsel invited any error with regard to the jury instruction at issue. Though defense counsel neglected to request the proper jury instruction at trial, we do not find that he invited the trial court's error at the pretrial conference.

At the pretrial conference, defense counsel sought to sever the two offenses on the grounds that they were "inconsistent as a matter of law." Defense counsel cites to *Jewell*, which does not address the need for a "*Speckman* instruction" and only pertains to joinder of mutually exclusive offenses. Defense counsel confuses the issue with regard to arresting judgment on the accessory conviction, but he does not assert that the trial court does not have to give the jury an instruction on convicting defendant of only one of the crimes charged. In fact defense counsel never brings up the issue of jury instructions at the pretrial conference. He correctly states the holding in *Jewell* and explains to the court that in another case he prosecuted, approximately twenty-eight years prior, the trial court arrested judgment on the accessory conviction. We find that this statement by defense counsel did not invite the trial court's error in failing to properly instruct the jury at trial.

## Disposition

[2] Defendant argues that a new trial is warranted due to the trial court's error. There is some inconsistency in the case law with regard to the disposition of cases like the one before us where a "*Speckman* instruction" was not properly given. In *Speckman*, where the trial

court had consolidated the two convictions into one judgment, a new trial was ordered. *Speckman*, 326 N.C. at 580, 391 S.E.2d at 168.

After *Speckman*, this Court held in *State v. Hall*, 104 N.C. App. 375, 410 S.E.2d 76 (1991), "[a] defendant is not prejudiced, however, where the trial court fails to give the required instruction, the jury returns guilty verdicts on the mutually exclusive offenses, and the trial court vacates the judgment for the mutually exclusive offense providing the more serious punishment." *Id.* at 387, 410 S.E.2d at 83. In *Hall*, the trial court "submitt[ed] to the jury three separate conspiracy [to traffic in cocaine] charges covering the period of 10 April 1989 through 31 May 1989 (Conspiracy I), and the periods of 10 April 1989 through 15 April 1989 and 23 April 1989 through 31 May 1989 (Conspiracies II) . . . ." *Id.* at 386, 410 S.E.2d at 82. The jury found the defendants guilty of both Conspiracy I and Conspiracies II, and the trial judge arrested judgment on the Conspiracy I charge. *Id.* The defendants were sentenced to "two consecutive, forty-year sentences for their two conspiracy convictions." *Id.* at 381, 410 S.E.2d at 79. This Court held that the trial court should have arrested judgment on the Conspiracies II conviction, which carried a "more serious punishment[,]" rather than the Conspiracy I conviction, and remanded the case back to the trial court to correct the error and resentence the defendants. *Id.* at 387, 410 S.E.2d at 83.

While *Hall* indicates that this Court can remedy the trial court's error by ordering the court to arrest judgment of the murder conviction and sentence defendant based on the accessory conviction, we find this case to be distinguishable from *Hall*. In *Hall*, the defendants were convicted of three counts of conspiracy to commit the same crime, trafficking cocaine. *Id.* at 378, 140 S.E.2d at 77. The Court stated, "[o]n the facts presented here, either one agreement was made or two agreements were made. Both views cannot exist at the same time. Therefore, the offenses of Conspiracies I and II are mutually exclusive offenses." *Id.* at 386, 410 S.E.2d at 82. Conspiracies II carried with it a harsher penalty only because it contained two separate counts of conspiracy that did not overlap in time. Conspiracy I encompassed the same time period as Conspiracies II, but the resulting penalty would have been less because Conspiracy I contained only one count of conspiracy. In *Hall*, the jury was evaluating the same crimes that allegedly took place during the same time frame, which individually would carry the same penalty.

In the present case, defendant was convicted of two mutually exclusive crimes that carried substantially different penalties and col-

lateral consequences. Again, we cannot substitute our judgment for that of the jury and hold that the trial court should have arrested judgment on the murder conviction. Given the proper instruction, the jury might have found defendant guilty of murder and not accessory after the fact. Accordingly, we find that *Hall* is not controlling here.

In the more recent case of *State v. Hames*, discussed *supra*, the defendant was sentenced to two concurrent terms of imprisonment for the convictions of assault with a deadly weapon inflicting serious injury and attempted voluntary manslaughter. *Hames*, 170 N.C. App. at 323, 612 S.E.2d at 415. The Court found that these two convictions were mutually exclusive and the proper instruction was not given. *Id.* Accordingly, the Court overturned the convictions and ordered a new trial, rather than arresting judgment on one of the convictions. *Id.* Soon after *Hames* was decided, this Court addressed the same situation in *State v. Yang*, 174 N.C. App. 755, 622 S.E.2d 632 (2005), *disc. review denied*, 360 N.C. 296, 628 S.E.2d 12 (2006) where the defendant was convicted of the mutually exclusive crimes of voluntary manslaughter and assault with a deadly weapon inflicting serious injury. *Id.* at 761, 622 S.E.2d at 636. The defendant was sentenced to 148 to 214 months imprisonment. *Id.* at 759, 622 S.E.2d at 635. Relying on *Hames*, the Court ordered a new trial. *Id.* at 762, 622 S.E.2d at 636.

Here, there was not a consolidation of the convictions as seen in *Speckman, Hames*, and *Yang*; however, we find the present case to be analogous to those cases, which also dealt with two mutually exclusive crimes that could potentially carry different penalties and collateral consequences. The jury should be properly charged with determining which of the mutually exclusive crimes was committed by defendant.[1] Accordingly, we order a new trial. Due to our decision on this issue, we need not address defendant's remaining assignments of error.

## Conclusion

We hold that the trial court committed plain error in failing to instruct the jury that it could convict defendant of first degree murder or accessory after the fact to first degree murder, but not both. Because we cannot substitute our judgment for that of the jury, we vacate the judgment and order a new trial.

---

1. Courts in other jurisdictions have ordered a new trial in similar circumstances. *See Jackson v. State*, 276 Ga. 408, 413, 577 S.E.2d 570, 575 (Ga. 2003); *State v. Hinton*, 227 Conn. 301, 321, 630 A.2d 593, 603 (Conn. 1993); *People v. Robinson*, 538 N.Y.S.2d 122, 123, 145 A.D.2d 184, 186 (N.Y. App. Div. 1989).

New Trial.

Judges STEELMAN and GEER concur.