WYNN, Circuit Judge,
dissenting in part:
A person should not be held criminally liable both as a principal and as an accessory after the fact to himself. Here, Defendant was convicted of aiding and abetting arson, which the law does not distinguish from principal liability for the arson. Because I would hold that Defendant cannot also be convicted of being an accessory after the fact for the same arson, I respectfully dissent.
I.
“[Pjrovisions of the Federal Criminal Code” make plain that not only “ ‘whoever commits an offense’ ” but also whoever “ ‘aids, abets, counsels, commands, induces, or procures its commission, is a principal.’” Tarkington v. United States, 194 F.2d 63, 68 (4th Cir.1952) (quoting 18 U.S.C. § 2). In other words, “[t]he distinction between principals and accessories before the fact has been abolished.” Id.
In this case, a jury convicted Defendant of aiding and abetting arson. Defendant is, therefore, criminally liable as a principal for the arson, i.e., as someone who “commit[ted] [the] offense.” Id. (internal quotation marks and citation omitted) Defendant was also charged with and convicted of being an accessory after the fact. Specifically, per 18 U.S.C. § 3, “[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.”
In this case, Defendant misrepresented to an insurance agent that one of his tenants may have committed the arson in an attempt “to ensure against even the very possibility that Kinder and then White himself would fall under police scrutiny.” Ante at 234.
In my view, the law does not allow Defendant to be responsible as a principal for the arson and for assisting himself after the fact. As the Ninth- Circuit has explained, a defendant “should not be punished as an accessory after the fact, even though he assisted in preventing his own apprehension and the apprehension of his co-offender.” United States v. Taylor, 322 F.3d 1209, 1212 (9th Cir.2003). This is because “[u]nder 18 U.S.C. § 3, the offense of accessory after the fact only occurs when a person assists an offender; the person committing accessory after the fact is not the ‘offender’ himself. To interpret § 3 otherwise would lead to the absurd result of subjecting every principal to an accessory after the fact charge.” Id.; see also State v. Jewell, 104 N.C.App. 350, 409 S.E.2d 757, 764 (1991) (Wynn, J., dissenting in part) (“A participant in a felony may no more be an accessory after the fact *237 than one who commits larceny may be guilty of receiving the goods which he himself had stolen.... It follows that since an aider and abettor to a felony is treated the same as the principal that committed the felony offense, he too cannot be an accessory after the fact to that same offense.” (internal quotation marks and citation omitted)).
Such reasoning is supported by the fact that 18 U.S.C. § 3 is “based upon” Shelly v. United States, 76 F.2d 483 (10th Cir.1935). 2 Fed. Jury Prac. & Instr. § 22:02 (6th ed.2014); see also 18 U.S.C. § 3 (West ann.) Revision Notes & Leg. Reports (same). In Shelly, the Tenth Circuit defined an accessory as “he who is not the chief in the offense, nor present at its performance, but is some way concerned therein, either before or after the fact committed” and as “one who participates in a felony too remotely to be deemed to principal.” 76 F.2d at 487 (internal quotation marks and citations omitted). It defined “accessory after the fact” as “one who, knowing a felony to have been committed by another, receives, relieves, comforts, or assists the felon in order to hinder the felon’s apprehension, trial, or punishment.” Id.
I appreciate that Defendant failed to preserve this issue and that we view it only through the plain error lens. That limits us to correcting those errors that are “plain” and that “affect substantial rights.” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks and citation omitted). Further, we generally refrain from intervening where the error does not seriously impact the fairness and integrity of the proceedings. Id.
While plain error is a high hurdle, I nevertheless conclude that Defendant clears it here. First, as a matter of law, Defendant cannot be a principal offender and an accessory after the fact to himself. Therefore Defendant’s accessory after the fact conviction constitutes clear legal error.*
As for whether the error affected Defendant’s substantial rights, “in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.” Olano, 507 U.S. at 734, 113 S.Ct. 1770. Here, without question, it did. If the law had been applied correctly in this case, Defendant could not have been convicted both as a principal participant in the arson and as an accessory after the fact. In other words, the clear legal error directly affected the outcome of the district court proceedings.
In sum, I conclude that, as a matter of law, a defendant cannot be convicted as a principal offender and as an accessory after the fact. Nevertheless, Defendant here was convicted of both. That constituted clear and prejudicial error that, in my view, seriously detracts from the fairness of the proceedings. Olano, 507 U.S. at 732, 113 S.Ct. 1770. Accordingly, I would vacate Defendant’s accessory after the fact conviction and therefore respectfully dissent.

 The majority opinion cites United States v. Triplett, 922 F.2d 1174 (5th Cir.1991), as going the other way on this issue. While the Fifth Circuit undoubtedly allowed convictions for both principal and accessory-after-the-fact liability to stand, its opinion failed to acknowledge, let alone analyze, the conundrum of allowing a principal to be convicted of acting as an accessory after the fact to himself.